**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BIOVAIL CORP., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| U.S. FOOD AND DRUG | ) |
| ADMINISTRATION, *et al.*, | )   Case No. 06-CV-1487 (RMU) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| ANCHEN PHARMACEUTICALS, INC. | ) |
| | ) |
| Proposed Intervenor- | ) |
| Defendant | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF ANCHEN PHARMACEUTICALS, INC.**
**UNCONTESTED MOTION TO INTERVENE AS DEFENDANT**

**INTRODUCTION**

In this action Biovail seeks to impose a brand new constitutional and statutory right to judicial review of FDA approval standards prior to FDA's approval of an Abbreviated New Drug Application ("ANDA"). In the process, Biovail seeks to delay (and ultimately deny) FDA approval of Anchen Pharmaceuticals, Inc.'s ANDA for generic Wellbutrin XL. Only by intervening as a defendant in this action, filed yesterday, may Anchen adequately protect its legally cognizable rights.

Anchen should be permitted to intervene in this action under Fed. R. Civ. P. 42(a) or (b) in order to protect those rights.

## BACKGROUND

In 2004, Anchen filed an ANDA seeking FDA approval to market a generic version of Wellbutrin XL®.  (Compl. ¶ 17).  In its ANDA, Anchen filed what is known as a "paragraph IV" certification, certifying that its ANDA product would not infringe the patent listed in connection with Wellbutrin XL and/or that that patent was invalid.  Biovail sued Anchen within 45 days of receiving Anchen's notice of its paragraph IV certification, thereby triggering a 30-month stay of FDA approval for Anchen's ANDA.  *See Biovail Labs., Inc. v. Anchen Pharms., Inc.*, No. SACV 04-1568 JVS (C.D. Cal.).

In November 2005, FDA tentatively approved Anchen's ANDA, concluding that Anchen's ANDA meets all requirements for approval.  (Compl. ¶ 17).  The approval was tentative because the 30-month stay had yet to expire.  In December 2005, Biovail filed a Citizen Petition asking FDA to impose additional bioequivalence requirements on WELLBUTRIN XL® ANDA applicants, including Anchen.  (Biovail Ex. 3.B).

In August 2006, the district court for the Central District of California granted Anchen's motion for summary judgment, concluding that Anchen's ANDA product does not infringe the listed patent.  (Biovail Mem. at 10).  Anchen is entitled to final approval of its ANDA when the court enters the order.  21 U.S.C. § 355(j)(5)(B)(iii).

Biovail seeks to delay Anchen's final approval through this lawsuit by requiring FDA to act on its citizen petition, then withhold Anchen's approval so it may seek judicial review of FDA's decision.

## **ARGUMENT**

Anchen should be permitted to intervene in this action. Anchen satisfies the requirement for intervention as a matter of right under Rule 24(a). At a minimum, the Court should permit Anchen to intervene under Rule 24(b).

**I.    Anchen Should Be Permitted To Intervene As A Matter Of Right To Protect Its Right To Approval Of Its ANDA.**

Rule 24(a)(2) provides that, upon timely application, a party shall be permitted to intervene as a matter of right:

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). Thus, the grounds for intervention are: (1) that the motion to intervene was timely made, (2) that the movant has a cognizable interest in the action; (3) that the movant's interest would be impaired by disposition of the action; and (4) that the movant is not adequately represented by existing parties. Anchen meets all of these requirements.

First, Anchen's motion is timely because it was made one day after Biovail initiated this lawsuit and the Court has not substantively ruled on Biovail's motion for a preliminary injunction. *See Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1076 (D.C. Cir. 1998) (motion was timely when filed a few weeks after complaint was filed and before substantive rulings).

Second, Anchen has a significant, protectable interest in receiving prompt FDA approval of its ANDA. Anchen has received tentative approval and is entitled to final approval of its ANDA immediately if FDA denies Biovail's Citizen Petition (as it should). The D.C. Circuit has recognized that drug companies have a right to intervene in similar circumstances

3

involving FDA approval decisions. *Id.* Indeed, in *Mova*, the court approved of intervention by an NDA holder seeking to interfere with an ANDA applicant's FDA approval. The court concluded that the NDA holder had a protectible interest in limiting competition for its product even though its interest in FDA approval of the ANDA applicant was only indirect. *Id.* at 1075; *see also TorPharm, Inc. v. Thompson*, 260 F. Supp. 2d 69 (D.D.C. 2003) (allowing generic drug company to intervene in case involving approval and exclusivity); *Purepac Pharm. Co. v. Thompson*, 238 F. Supp. 2d 191 (D.D.C. 2002) (same). Here, Anchen has a *direct* interest in timely approval of its ANDA.

Third, the disposition of this action may impair Anchen's interest in its own approval by delaying that approval. Biovail seeks to delay Anchen's approval (to which it is immediately entitled) until at least ten days after FDA takes action on its Citizen Petition. This delay will substantially harm Anchen and Anchen has a right to intervene to protect that interest.

Finally, FDA cannot adequately represent Anchen's interests. FDA is a neutral government agency interested only in upholding its rules and regulations. FDA has no interest in protecting Anchen's right to approval. Under these circumstances, FDA might have a strategic or other reason to decline to vigorously represent Anchen's interests. *Cf. Mova*, 140 F.3d at 1076 (concluding that FDA might "have strategic reasons not to press certain arguments").

Accordingly Anchen has satisfied all four requirements for intervention under Rule 24(a)(2). The Court should grant Anchen's motion.

## II. In the Alternative, The Court Should Permit Anchen To Intervene Under Rule 24(b).

If this Court concludes that Anchen is not entitled to intervene as of right, Anchen respectfully requests that this Court permit it to intervene under Rule 24(b). Under Rule 24(b)(2), the Court may, in its discretion, permit intervention on a timely motion "when an

4

applicant's claim or defense and the main action have a question of law or fact in common." The district court "must consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Bossier Parish Sch. Bd. V. Reno*, 157 F.R.d. 133, 135 (D.D.C. 1994).

Anchen has filed a timely motion as discussed above.  Moreover, Anchen has raised a common question of law or fact because of its interest in prompt FDA approval of its ANDA.  Finally, Anchen's intervention will not unduly delay or prejudice the adjudication of Biovail's or FDA's rights.  Accordingly, Anchen requests that, at a minimum, this Court allow Anchen to intervene permissively.

## CONCLUSION

For the foregoing reasons, this Court should enter an order granting Anchen leave to intervene as a defendant in this action.

Dated:   August 24, 2006                              ANCHEN PHARMACEUTICALS, INC.


By:      /s/
Gordon A. Coffee (D.C. Bar No. 384613)
WINSTON & STRAWN LLP
1700 K Street NW
Washington D.C. 20006
(202) 282-5000
(202) 282-5100

*Of Counsel:*
John E. Mooney (not admitted in D.C.)
Donald J. Mizerk (not admitted in D.C.)
Steven J. Winger (not admitted in D.C.)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

Attorneys for Anchen Pharmaceuticals, Inc.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing document was served on this 24th day of August, 2006 via ECF, with courtesy copies via electronic mail on:

James F. Segroves
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, D.C. 20004-2533
jsegroves@proskauer.com

Ronald S. Rauchberg
Kevin J. Perra
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
rrauchberg@proskauer.com
kperra@proskauer.com

John B. Dubeck
KELLER AND HECKMAN LLP
1001 G Street, NW
Washington, D.C. 20001
dubeck@khlaw.com

Gerald Cooper Kell
U.S. DEPARTMENT OF JUSTICE
1331 Pennsylvania Avenue, NW
Suite 950 N
Washington, D.C. 20004
gerald.kell@usdoj.gov

Shoshana Hutchinson
U.S. FOOD AND DRUG ADMINISTRATION
Office of the General Counsel
5600 Fishers lane GCF-1
Rockvill, MD 20857
shoshana.hutchinson@fda.hhs.gov

By:     /s/
Gordon A. Coffee