**Exhibit 2**

Anchen's Opposition to Motion for a Temporary Restraining Order and Preliminary Injunction

**Scheduling Hearing**

| | | |
|---|---|---|
| 1 | 10:37:30 | SANTA ANA, CALIFORNIA; AUGUST 22, 2005; A.M. SESSION |
| 2 | | THE CLERK: Item No. 4, SACV-04-1468-JVS, Biovail |
| 3 | | Laboratories, Inc., et al., versus Anchen Pharmaceuticals, |
| 4 | | Inc., et al. |
| 5 | | Counsel, please state your appearances. |
| 6 | | MR. STERN: Good morning, Your Honor. Charles |
| 7 | | Stern, and my partner, Eric Cohen, is on the telephone. We |
| 8 | | are appearing for the plaintiff. |
| 9 | | MR. MOONEY: Good morning, Your Honor. John |
| 10 | | Mooney on behalf of the defendant Anchen Pharmaceuticals. |
| 11 | | THE COURT: Good morning. |
| 12 | | You folks have a substantially different view as |
| 13 | | to what kind of a track this case ought to proceed on. I |
| 14 | | guess I would like you to articulate a little bit for me why |
| 15 | | you have such differing views. |
| 16 | | MR. STERN: We did propose different timelines at |
| 17 | | pages five and six of the joint report. |
| 18 | | THE COURT: Anchen Exhibit A? |
| 19 | | MR. STERN: Correct. The first two items, the |
| 20 | | disclosures, I think have been accomplished according to the |
| 21 | | schedule we had proposed, and the next two in September and |
| 22 | | October, the claim construction preliminary disclosures and |
| 23 | | so forth, will be accomplished. |
| 24 | | I should point out to Your Honor there are still |
| 25 | | some substantial discovery matters that need to be |

**Scheduling Hearing**

| | | |
|---|---|---|
| 1 | 11:06:19 | simply -- if we can set a schedule where we have got a firm |
| 2 | | discovery cutoff and a firm expert cutoff, we all know what |
| 3 | | will happen.  The parties will proceed.  If they have |
| 4 | | motions to bring on discovery issues, we will proceed, and |
| 5 | | we will get this case done.  If it's put off like they want |
| 6 | | to do until July of next year until we have a cutoff -- or a |
| 7 | | discovery cutoff that they propose of May of next year, |
| 8 | | nothing will happen until three months before that date. |
| 9 | | THE COURT:  Well, you have it in your power to the |
| 10 | | extent you think there are shortcomings to accelerate the |
| 11 | | process -- |
| 12 | | MR. MOONEY:  I will.  I understand. |
| 13 | | THE COURT:  -- by visiting the magistrate judge. |
| 14 | | Mr. Stern, or, Mr. Cohen. |
| 15 | | MR. COHEN:  Your Honor, obviously we disagree with |
| 16 | | many of the things that Mr. Mooney has said, but let me |
| 17 | | highlight a few. |
| 18 | | THE COURT:  Do you disagree that you have not told |
| 19 | | him whether the infringement is literal? |
| 20 | | MR. COHEN:  We have told him that the infringement |
| 21 | | is literal, and we have told him why, and we have told |
| 22 | | him -- the issue that he raised with me about the |
| 23 | | plasticizer -- when he sent the letter, it was in late July. |
| 24 | | I was out of the office.  I didn't -- and I have two or |
| 25 | | three other cases going, Your Honor.  I can't respond to |

**Scheduling Hearing**

| | | |
|---|---|---|
| 1 | 11:07:44 | things like the next day because I have got -- we have got a |
| 2 | | great deal going on, so I apologize for not getting back to |
| 3 | | him right away. |
| 4 | | THE COURT: You folks filed this case -- it's the |
| 5 | | plaintiff's duty to only commit to those cases that the |
| 6 | | plaintiff can prosecute in a reasonably prompt fashion. |
| 7 | | There is no reason this case should be treated by anyone as |
| 8 | | a step-child. |
| 9 | | MR. COHEN: We're not. We have been engaged -- we |
| 10 | | have been spending a great deal of time trying to gather the |
| 11 | | documents to produce for the three cases that we're |
| 12 | | litigating, and one of the problems that we have had is |
| 13 | | that -- one of the problems, of course, is that we don't |
| 14 | | dictate the filing of these lawsuits. It's dictated by when |
| 15 | | we receive the notice letters. |
| 16 | | The other problem we have is that the inventor, |
| 17 | | Mr. Seth, has been remarkably uncooperative and unavailable. |
| 18 | | Anchen wants to take his deposition. We have had an |
| 19 | | extremely difficult time getting cooperation in terms of |
| 20 | | getting the documents produced that need to be produced |
| 21 | | before his deposition is taken. We have tried to get him to |
| 22 | | cooperate. He has been less than cooperative. We finally |
| 23 | | received a couple of weeks ago all of the documents that we |
| 24 | | think as best we know are responsive to the subpoenas that |
| 25 | | have been served on him. He is also represented by separate |

**Scheduling Hearing**

| | | |
|---|---|---|
| 1 | 11:09:20 | counsel in California. |
| 2 | | So in terms of us gathering -- |
| 3 | | THE COURT: Just a minute. I thought I heard from |
| 4 | | Mr. Stern that you were representing him in some capacity. |
| 5 | | MR. COHEN: We represent him in a limited |
| 6 | | capacity, and that capacity is to preserve the |
| 7 | | attorney/client privilege which was acquired by Biovail when |
| 8 | | Biovail acquired his business, but we do not represent him |
| 9 | | for all purposes. |
| 10 | | In addition, there is an entity from which we did |
| 11 | | not -- Biovail did not purchase which may have some |
| 12 | | documents. That entity has been subpoenaed. That subpoena |
| 13 | | is being handled by his lawyer. I think his name is |
| 14 | | Mr. Nelson. In any event, we are not altogether sure that |
| 15 | | we have all the documents from all the entities that |
| 16 | | Mr. Seth is involved in. We have been working on that, and |
| 17 | | that has been a complication. |
| 18 | | With respect to the documents that -- we think we |
| 19 | | need additional documents from the defendants, and we are |
| 20 | | going to get right on that and move it along. |
| 21 | | We think there are claim interpretation issues |
| 22 | | that have to be addressed. We understand that, and we |
| 23 | | suggest that we proceed with a claim interpretation issue. |
| 24 | | One thing that Mr. Mooney did not focus on is that |
| 25 | | with respect to Claim 30 there is really no defense to |