## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIOVAIL CORPORATION )<br>7150 Mississauga Road )<br>Mississauga, Ontario )<br>Canada L5N 8M5 )<br>　　　　　　　　　　　　　　　)<br>　　　　and　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>BIOVAIL LABORATORIES )<br>INTERNATIONAL SRL, )<br>Chelston Park, Building 2, Ground Floor )<br>Collymore Rock, St. Michael )<br>Barbados, West Indies )<br>　　　　　　　　　　　　　　　)<br>　　　　　Plaintiffs,　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　　v.　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>U.S. FOOD AND DRUG )<br>ADMINISTRATION )<br>5600 Fishers Lane )<br>Rockville, Maryland 20857 )<br>　　　　　　　　　　　　　　　)<br>　　　　and　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>ANDREW C. VON ESCHENBACH, M.D. )<br>Acting Commissioner of Food and Drugs, )<br>5600 Fishers Lane )<br>Rockville, Maryland 20857 )<br>　　　　　　　　　　　　　　　)<br>　　　　Defendants,　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　　　and　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>ANCHEN PHARMACEUTICALS, INC. )<br>5 Goodyear )<br>Irvine, California  92618 )<br>　　　　　　　　　　　　　　　)<br>　　　Proposed Intervenor- )<br>　　　Defendant　　　　　　　　) | Case No. 06-CV-1487 (RMU) |

## ANSWER IN INTERVENTION

By and through its attorneys, Proposed Intervenor-Defendant Anchen Pharmaceuticals, Inc. hereby answers Plaintiffs' Complaint in this action, as follows:

**Complaint:**

1.      Plaintiffs Biovail Corporation and Biovail Laboratories International SRL (collectively, "Biovail") have brought this action for injunctive, declaratory and mandamus relief challenging the failure of the defendants, the U.S. Food and Drug Administration and its Acting Commissioner of Food and Drugs (collectively, "FDA"), to respond substantively to a Citizen Petition ("Biovail's Citizen Petition") filed by Biovail. Defendants' failure to decide the issues raised by Biovail's Citizen Petition violates the Administrative Procedure Act (the "APA") and Biovail's due process rights.

**Answer:**  Anchen admits that Biovail seeks the stated relief, but denies that Biovail is entitled to same and further denies the last sentence of paragraph 1.

**Complaint:**

2.      Biovail's Citizen Petition seeks to protect the public by ensuring that FDA applies appropriate standards when determining whether or not to approve an application to market a generic version of WELLBUTRIN XL®, a prescription drug product. FDA by regulation ordinarily has 180 days to determine the issues raised in a Citizen Petition—but more than 180 days have passed without any ruling from FDA on Biovail's petition. Biovail asks for a writ of mandamus to compel FDA to perform its duty and rule on the Citizen Petition.

**Answer:**  Anchen admits that Biovail submitted a Citzen Petition in December 2005, that the petition remains pending and that Biovail seeks relief in this action. Anchen denies Biovail's legal interpretation of FDA's regulations.  Anchen further denies any remaining allegations of Paragraph 2, including any suggestion that Biovail is entitled to the relief it seeks.

**Complaint:**

3.      Biovail also asks that FDA be required to rule on the Citizen Petition at least one calendar week prior to granting any application for approval of generic WELLBUTRIN XL®, so that if the Citizen Petition is denied there is a meaningful opportunity to seek judicial review of the denial. Therefore, Biovail also seeks temporary, preliminary and permanent injunctive relief to preserve the *status quo* by ordering FDA not to grant any such approval for generic WELLBUTRIN XL® without having decided Biovail's Citizen Petition at least one calendar week in advance.

**Answer:**  Anchen admits that Biovail seeks certain relief, but denies that Biovail is entitled to same.

**Complaint:**

4.    This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 555, 702 and 706 (the APA); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1361 (mandamus).

**Answer:**  Paragraph 4 contains legal conclusions to which no answer is required. To the extent an answer is required, Anchen denies the allegations in paragraph 4.

**Complaint:**

5.    The relief requested is authorized pursuant to 28 U.S.C. § 1651 (all writs act); 28 U.S.C. § 2201 (declaratory relief); and 28 U.S.C. § 2202 (further relief). Plaintiffs have a right to bring this action pursuant to the APA, 5 U.S.C. §§ 701-706.

**Answer:**  Paragraph 5 contains legal conclusions to which no answer is required. To the extent an answer is required, Anchen denies the allegations in paragraph 5.

**Complaint:**

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**Answer:** Paragraph 6 contains legal conclusions to which no answer is required. To the extent an answer is required, Anchen denies the allegations in paragraph 6.

**Complaint:**

7.    Plaintiff Biovail Corporation is a corporation with its head office at 7150 Mississauga Road, Mississauga, Ontario, Canada, L5N 8M5. Biovail, together with its subsidiaries, is a fully integrated pharmaceutical company that, among other things, tests, develops, manufactures, and sells prescription drugs, either directly or to other pharmaceutical companies for marketing and distribution primarily in the U.S. and Canadian markets. The company is listed and publicly traded on the New York and Toronto Stock Exchanges.

**Answer:**  Anchen admits the allegations in the first and last sentences of paragraph 7.  Anchen lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 7 and therefore denies same.

**Complaint:**

8.     Plaintiff Biovail Laboratories International SRL is a wholly owned subsidiary of Biovail Corporation, with its offices located at Chelston Park, Building 2, Collymore Rock, St. Michael, Barbados, West Indies. Biovail Laboratories International SRL is the assigned owner of the patents to WELLBUTRIN XL®.

**Answer:**  Anchen lacks sufficient knowledge or information to admit or deny the

allegations of paragraph 8 and therefore denies same.

**Complaint:**

9.     Defendant U.S. Food and Drug Administration, which has its principal office at 5600 Fishers Lane, Rockville, Maryland 20857, regulates prescription drugs under authority delegated by Congress and the Secretary of Health and Human Services of the U.S. Department of Health and Human Services, a federal agency headquartered in the District of Columbia.  Defendant Andrew C. von Eschenbach, M.D., is sued in his official capacity as Acting Commissioner of Food and Drugs. As Acting Commissioner, Dr. von Eschenbach has the ultimate responsibility for the activities of FDA, including those actions complained of herein.

**Answer:**  Admitted.

**Complaint:**

10.     Biovail     developed     and     manufactures     WELLBUTRIN     XL®. WELLBUTRIN XL® is an FDA-approved "innovator" prescription drug (sometimes referred to as a "pioneer," "brand-name" or "branded" drug) used to treat Major Depressive Disorder ("MDD"), a common and severe psychiatric disorder.

**Answer:**  Anchen admits that Biovail manufactures WELLBUTRIN XL®,

branded product, and that it is FDA-approved for certain indications.  Anchen denies any

remaining allegations in paragraph 10.

**Complaint:**

11.     Biovail manufactures and supplies WELLBUTRIN XL® for the U.S. market exclusively to GlaxoSmithKline, Inc., one of the largest pharmaceutical companies in the world.

**Answer:**  Anchen lacks sufficient knowledge or information to admit or deny the

allegations in paragraph 11 and therefore denies same.

**Complaint:**

12.    WELLBUTRIN XL® represents a substantial asset and cash flow stream for Biovail, generating hundreds of millions of dollars a year in revenue.

**Answer:**  Anchen lacks sufficient knowledge or information to admit or deny the allegations in paragraph 12 and therefore denies same.

**Complaint:**

13.    Chemically, WELLBUTRIN XL® is bupropion hydrochloride in extended release tablets for once-a-day-administration.

**Answer:**  Admitted.

**Complaint:**

14.    Under relevant provisions of the Federal Food, Drug, and Cosmetic Act, as amended, 21 U.S.C. § 321, *et seq.* ("FDCA"), parties are permitted to file Abbreviated New Drug Applications ("ANDAs") for generic forms of FDA-approved innovator drugs such as WELLBUTRIN XL®. A generic version of an innovator drug may be approved under an ANDA that relies upon the findings of safety and effectiveness for the innovator drug.

**Answer:**  Anchen admits that the FDCA permits a party to file an ANDA seeking approval to market a generic version of a reference listed drug, which may rely in part on FDA's findings that the reference listed drug is safe and effective for its approved indications.  Anchen denies any remaining allegations in paragraph 14.

**Complaint:**

15.    However, because a generic is marketed as a substitute for an innovator drug, FDA may not approve an ANDA unless the applicant proves that its generic version is "bioequivalent" to the innovator drug.

**Answer:**  Anchen admits that one of FDA's requirements for ANDA approval is that the ANDA contain information showing that, with certain exceptions, the ANDA product is bioequivalent to the reference listed drug.  Anchen denies any remaining allegations of paragraph 15.

**Complaint:**

16.     It is not uncommon for those with rights to, and scientific knowledge about, an innovator drug to provide FDA with technical information during the ANDA review process to ensure an accurate determination of bioequivalence. The process for submitting such information is by filing a "Citizen Petition" under applicable regulations. Under those regulations, FDA must consider and take action on the petition within 180 days of filing unless unable to do so.

**Answer:**  Anchen admits that FDA allows persons to submit a Citizen Petition

under 21 C.F.R. § 10.30.   Anchen denies Biovail's legal interpretations of FDA's

regulations.  Anchen denies the remaining allegations in paragraph 16.

**Complaint:**

17.     Although a number of companies have filed ANDAs for generic versions of WELLBUTRIN XL®, there is currently no approved generic version. The first such ANDA deemed by FDA acceptable for review was filed by Anchen Pharmaceuticals, Inc. ("Anchen").  FDA granted a "tentative approval" of Anchen's ANDA on November 14, 2005.

**Answer:**  Admitted.

**Complaint:**

18.     Pursuant to the applicable regulations, after the filing of Anchen's ANDA, Biovail filed a Citizen Petition on December 20, 2005, concerning ANDAs for generic versions of WELLBUTRIN XL®. In its Citizen Petition, Biovail requested that FDA apply certain criteria in the approval process to any ANDA for a generic version of WELLBUTRIN XL®.  Application of those criteria was and is necessary to ensure protection against potentially serious risks relating to high levels of buproprion hydrochloride, the active drug in WELLBUTRIN XL®.

**Answer:**  Anchen admits that Biovail filed a Citizen Petition on December 20,

2005 asking FDA to impose additional requirements set forth therein for ANDA

applicants.  Anchen denies the remaining allegations of paragraph 18.

**Complaint:**

19.     In a June 7, 2006 notice, FDA stated that it would be unable to decide the Biovail Citizen Petition within the 180-day regulatory response deadline and indefinitely delayed such action. This tentative response stated without further explanation that "FDA

has been unable to reach a decision on [Biovail's] petition because it raised complex issues requiring extensive review and analysis by Agency officials."

**Answer:** Anchen admits that FDA informed Biovail on June 7, 2006 that it was unable to reach a decision on the Citizen Petition "because it raised complex issues requiring extensive review and analysis by Agency officials." Anchen denies any remaining allegations in paragraph 19.

**Complaint:**

20.    The issues raised in Biovail's Citizen Petition are extremely important to public health and safety and should have been acted upon by FDA within the required 180-day timetable.

**Answer:** Denied.

**Complaint:**

21.    On June 29, 2006, Biovail sent a letter to FDA requesting that FDA take immediate action on its Citizen Petition. FDA has yet to respond to Biovail's June 2006 letter.

**Answer:** Anchen admits that Biovail sent a June 29, 2006, letter and that its Citizen Petition remains pending. Anchen lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 21 and therefore denies same.

**Complaint:**

22.    FDA's failure to decide Biovail's Citizen Petition within the required 180 days is consistent with FDA's actions with respect to other Citizen Petitions relating to ANDAs. Upon information and belief, in the last six years, FDA has consistently disregarded the 180-day requirement and has never decided a Citizen Petition prior to its decision to approve the related ANDA.

**Answer:** Anchen denies Biovail's legal interpretation of FDA's regulations. Anchen is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 22 and therefore denies same.

**Complaint:**

23.     Rather, it is FDA's pattern and practice to render a decision on a Citizen Petition relating to an ANDA on the same day that FDA issues its approval of an ANDA, without regard to the 180-day requirement.

**Answer:** Anchen is without sufficient knowledge or information to admit or deny the allegations in paragraph 23 and therefore denies same.

**Complaint:**

24.     FDA's aforementioned pattern and practice with respect to Citizen Petitions, including the Biovail Citizen Petition that is the subject of this Complaint, threatens public safety and harms the rights of those interested in Citizen Petitions.

**Answer:** Denied.

**Complaint:**

25.     Here, the express purpose of the Biovail Citizen Petition is to ensure that FDA applies proper criteria to verify that any generic version of WELLBUTRIN XL® is bioequivalent to the innovator drug. Any FDA approval of a generic version of WELLBUTRIN XL® that is not bioequivalent to the innovator drug will present a potential health risk to patients who would use the generic product.

**Answer:** Denied.

**Complaint:**

26.     By not deciding Citizen Petitions until the same time as issuing the approval of ANDAs, FDA has ignored its own regulations and harmed interested parties and the public. This practice effectively precludes any opportunity for effective judicial review of the denial of a Citizen Petition. Upon approval of an ANDA, the approved generic is almost immediately on the market and the innovator is therefore harmed irreparably before there is any possibility of judicial review.

**Answer:** Denied.

**Complaint:**

27.     The substantial harm to Biovail that would be caused by the premature FDA approval of a generic version of WELLBUTRIN XL®, without adequate notice prior to FDA's decision on Biovail's Citizen Petition, would be irreparable.

**Answer:** Denied.

**Complaint:**

28.     Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 27 of this Complaint.

**Answer:** Anchen incorporates by references its answers to paragraphs 1-27 of the Complaint.

**Complaint:**

29.     Pursuant to the APA, plaintiffs have presented a Citizen Petition to the FDA. To date, FDA has failed to rule on the petition.

**Answer:** Anchen admits that Biovail submitted a Citizen Petition to FDA that remains pending.  Anchen denies any remaining allegations in paragraph 29.

**Complaint:**

30.     The APA requires FDA within a reasonable time to proceed to conclude a matter that has been presented to it.

**Answer:** Paragraph 30 contains legal conclusions to which no answer is required. To the extent an answer is required Anchen denies Biovail's interpretation of the APA.

**Complaint:**

31.     The relevant regulation (21 C.F.R. § 10.30) provides that the "Commissioner shall furnish a response to each petitioner within 180 days of the receipt of the petition."

**Answer:**  Anchen admits that 21 C.F.R. § 10.30 contains the quoted language but

denies that it is an accurate or complete recitation of the regulation or its requirements.

**Complaint:**

32.     The APA provides that a reviewing court shall compel agency action unlawfully withheld or unreasonably delayed.

**Answer:**  Anchen admits that 5 U.S.C. § 706 contains this language but denies

that it is an accurate or complete recitation of the statute or its requirements.

**Complaint:**

33.     FDA's failure to decide the issues raised in Biovail's Citizen Petition is a violation of the APA and plaintiffs' due process rights under the Fifth Amendment to the U.S. Constitution.

**Answer:**  Denied.

**Complaint:**

34.     As a result of FDA's action, Biovail has suffered and will continue to suffer, absent injunctive relief, irreparable harm for which there is no adequate remedy at law.

**Answer:**  Denied.

Dated: August 24, 2006                    ANCHEN PHARMACEUTICALS, INC.


By: _____
        Gordon A. Coffee  (D.C. Bar No. 384613)
        WINSTON & STRAWN LLP
        1700 K Street NW
        Washington D.C. 20006
        (202) 282-5000
        (202) 282-5100

        *Of Counsel:*
        John E. Mooney (not admitted in D.C.)
        Donald J. Mizerk (not admitted in D.C.)
        Steven J. Winger (not admitted in D.C.)
        WINSTON & STRAWN LLP
        35 West Wacker Drive
        Chicago, Illinois 60601
        (312) 558-5600

        Attorneys for Anchen Pharmaceuticals,
        Inc.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing document was served on this 24th day of August, 2006 via ECF, with courtesy copies via electronic mail on:

James F. Segroves
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, D.C. 20004-2533
jsegroves@proskauer.com

Ronald S. Rauchberg
Kevin J. Perra
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
rrauchberg@proskauer.com
kperra@proskauer.com

John B. Dubeck
KELLER AND HECKMAN LLP
1001 G Street, NW
Washington, D.C. 20001
dubeck@khlaw.com

Gerald Cooper Kell
U.S. DEPARTMENT OF JUSTICE
1331 Pennsylvania Avenue, NW
Suite 950 N
Washington, D.C. 20004
gerald.kell@usdoj.gov

Shoshana Hutchinson
U.S. FOOD AND DRUG ADMINISTRATION
Office of the General Counsel
5600 Fishers lane GCF-1
Rockvill, MD 20857
shoshana.hutchinson@fda.hhs.gov

By: _____
Gordon A. Coffee