# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BIOVAIL CORPORATION, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>U.S. FOOD & DRUG ADMINISTRATION,<br>*et al.*, )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>ANCHEN PHARMACEUTICALS, INC., )<br>)<br>Intervenor-Defendant. ) | Civil Action No. 06-1487 (RMU) |

### REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Biovail Corporation and Biovail Laboratories International SRL (collectively, "Biovail") respectfully submit this reply brief in support of their motion for a preliminary injunction and temporary restraining order.

### PRELIMINARY STATEMENT

Nothing in the answering papers submitted on this motion by FDA or by Anchen changes the fact that FDA has adopted and follows the consistent policy of delaying its decisions—or delaying its announcement of decisions previously reached—on all Citizen Petitions that raise issues pertaining to FDA review of applications for approval of new drugs.  Heedless of the regulation mandating action within 180 days, FDA routinely acts on the Citizen Petition simultaneously with or after its action on the application, whether that takes it beyond the 180-

day limit or not. FDA cannot maintain any pretense that its failure in this decade to have even once decided such a Citizen Petition before deciding a related drug application is a coincidence.

One important consequence of FDA's delay is that judicial review of agency action on Citizen Petitions is frustrated. Review remains theoretically available, of course, but by coupling denial of a Citizen Petition with approval of a drug, FDA permits possibly questionable drugs to reach the market before a Court can act.

Biovail therefore asks the Court to order FDA promptly to decide its Citizen Petition of December 20, 2005. Further, to preserve the opportunity to seek judicial review (should judicial review be appropriate) that Biovail would have had if its Petition had been decided within 180 days, Biovail asks that FDA be ordered to decide its Citizen Petition at least one week prior to acting on any applications for approval of generic versions of WELLBUTRIN XL®.

As we next show, none of the specific arguments made in opposition to this request has any merit.

## ARGUMENT

1.  Both FDA and Anchen misunderstand the applicable regulation (21 C.F.R. § 10.30(e)(1)) and say it does not require a decision on Biovail's Citizen Petition within 180 days. But the regulation (with an exception not here applicable) flatly states that the Commissioner of Food and Drugs "shall" furnish a response within 180 days; it says that a response can either "approve" or "deny" the Petition; and it allows "a tentative response, indicating why the agency has been *unable* to reach a decision. . . ." (Emphasis supplied.) There are no other options. Thus, the regulation does not provide FDA with discretion to make exceptions or to do whatever it pleases. The requirement is that an approval or denial be rendered within 180 days with the single permitted exception when FDA is "unable" to decide

within 180 days—not "chooses not to" or "prefers not to"; FDA must not be "able" to decide to be in compliance with the regulation.

Our review of every Citizen Petition decided in this decade in connection with a new drug application (*see* Stearns Decl.) shows that FDA always holds its decision on such a Citizen Petition until it acts on a drug application. The unvarying pattern—not denied here by FDA—establishes that FDA simply chooses to handle Citizen Petitions in this manner. FDA cannot and does not say that here, or that in all those prior cases, it has always been "unable" to decide within 180 days. FDA has simply adopted a practice that is inconsistent with the applicable regulation.

This Court recognized in *Sandoz, Inc. v. Leavitt*, 427 F. Supp. 2d 29, 33 (D.D.C. 2006) (Urbina, J.), that "under the APA, a reviewing court must set aside an agency action that is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" Agency action for this purpose includes failure to act, *id.* at 34, and failure to act when a valid regulation plainly and unambiguously requires action is unquestionably "arbitrary and capricious." *See Brock v. Cathedral Bluffs Shale Oil Co.*, 796 F.2d 533, 536 (D.C. Cir. 1986) ("It is axiomatic that an agency must adhere to its own regulations."); *Vandermolen v. Stetson*, 571 F.2d 617, 624 (D.C. Cir. 1977) ("It is, of course, a fundamental tenet of our legal system that the Government must follow its own regulations. Actions by an agency of the executive branch in violation of its own regulations are illegal and void."). In applying these principles in another context, this Court recently stated that federal agencies "must follow their own rules, even gratuitous procedural rules that limit otherwise discretionary actions." *SEC v. Selden*, No. 05-0476 (RMU), 2006 WL 2374796, at *2 (D.D.C. Aug. 16, 2006).

2.      FDA and Anchen argue that there is no statutory or regulatory requirement that FDA act on Biovail's Citizen Petition prior to deciding an ANDA. Biovail does not contend that there is. But Biovail was diligent in filing its Citizen Petition early enough (in December 2005) that FDA could have acted on it far in advance of any possible final approval of an ANDA for a generic version of WELLBUTRIN XL®. Had FDA complied with the regulation and acted on Biovail's Petition within 180 days, Biovail would have had the opportunity to seek meaningful judicial review of any denial of that Petition well in advance of any final approval of an ANDA. All that Biovail seeks now is a prompt decision on its Petition and preservation of its opportunity to seek judicial review. If FDA is required to act on the Citizen Petition one week in advance of deciding any ANDA, Biovail will have an opportunity to seek meaningful judicial review, as it would have had if FDA had complied with the timetable set forth in its own regulations.

3.      The opposing papers mistakenly argue that Biovail lacks likelihood of success because it cannot show it will succeed in a challenge to FDA's decision on its Citizen Petition. That is not the likelihood of success we need to show. We have shown that we are likely to succeed in our claim that FDA violated Biovail's right to a timely decision on its Citizen Petition.

4.      Despite the arguments by FDA and Anchen, both Biovail and the public are faced with the real threat of irreparable harm. The cases cited by FDA on the issue of irreparable harm are factually distinguishable from this case because they involve allegations of harm premised upon economic loss alone, *see Gulf Oil v. Dep't of Energy*, 514 F. Supp. 1019, 1026 (D.D.C. 1981), or losses that are overly speculative and hypothetical, *see Wisconsin Gas v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985). Some of those cases are additionally distinguishable on the basis of their procedural posture because they involved a motion brought "in effect, to set aside" an

4

already-approved ANDA, *see Bristol-Myers Squibb Co. v. Shalala*, 923 F. Supp. 212, 214 (D.D.C. 1996), or a motion brought two to eight months later than it could have been brought, thus "militat[ing] against a finding of irreparable harm," *see Mylan Pharm. Inc. v. Shalala*, 81 F. Supp. 2d 30, 44 (D.D.C. 2000). Indeed, both FDA and Anchen ignore the *CollaGenex* decision cited by Biovail, which holds that the impact on a pioneer's market position caused by a generic drug's entrance into the market is just the type of harm found by courts to be irreparable. *See CollaGenex Pharm., Inc. v. Thompson*, No. Civ. A. 03-1405 (RMC), 2003 WL 21697344, at *10 (D.D.C. Aug 26, 2003).

The potential harm here, moreover, is not just "economic harm" in the form of lost revenue. Biovail stands to suffer harm to the reputation of the Company and its products—something it could never get back and cannot be quantified—in the event that FDA refuses to apply the criteria in Biovail's Citizen petition and permits a generic version of WELLBUTRIN XL® to be sold that has an unacceptable increased risk of seizure.

Further, if FDA does decide to approve a generic version of WELLBUTRIN XL® and, consistent with its demonstrated practice, withholds decision on Biovail's Citizen Petition until the day that it grants that approval, an application for judicial review of the denial of our Citizen Petition will likely follow rather than precede the distribution of the generic product. As a result, before a court can examine FDA's action, patients and the reputation of the branded drug will be exposed to whatever risks the generic drug may pose. As set forth in Biovail's moving papers (at 19), this is a denial of meaningful judicial review and, therefore, Biovail's due process rights, which in and of itself constitutes irreparable harm.

Finally, under these circumstances, the argument by FDA and Anchen that Biovail has no property rights worthy of protection makes no sense. To be clear, Biovail does not argue, as

5

FDA suggests (at 7), that Biovail has a protectable property right that "extends to the exclusion of generic versions" from the market. Rather, Biovail seeks to prevent harm to itself and the public from the introduction of an unsafe generic drug to the market. We recognize FDA's responsibility to approve only those drugs that are safe; but if FDA errs and approves an unsafe drug, or adopts procedures that may yield such dangerous approvals, it is Biovail's product and Biovail's reputation that stand to suffer, as well as the health of the patients who consume the drug. Indeed, that is what the criteria urged in the Citizen Petition are designed to prevent. Therefore, there can be no good faith dispute that Biovail has a protectable interest, which is threatened with irreparable harm absent injunctive relief.

     5.     The balance of harm here tips decidedly in Biovail's favor. In its papers, FDA does not say one way or the other whether approval of an ANDA for a generic version of WELLBUTRIN XL® is imminent. Therefore, there is no factual basis from which either Anchen or FDA can argue that Anchen or the public is going to be deprived for any period of time of the benefits of a lower-cost generic drug if the Court were to grant the relief requested by Biovail. Even in the most extreme case—*i.e.*, if FDA were ready to grant final approval of a generic drug today—the potential harm to Anchen or the public from the grant of our motion would be at most a one-week delay in approval of an ANDA. Thus, the potential for harm from granting our motion ranges from nothing to very small. The D.C. Circuit, moreover, has previously held that a litigant's interest in the faithful application of the laws, which is all that Biovail seeks here, outweighs the public's interest in immediate access to generic pharmaceuticals. *See Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 n.6 (D.C. Cir. 1998). Thus, there is no question but that the balance of harm here cuts sharply in Biovail's favor.

6

6.  Anchen (at 15-16) seeks to divert this Court's attention from the central issue of this case (*i.e.*, FDA's unjustified delay in issuing a decision on Biovail's Citizen Petition) by arguing that Biovail's delay in a patent infringement case is somehow a reason to reject its application here for emergency injunctive relief.  The picture of delay that Anchen paints is incorrect and incomplete, but this Court need not deal with that difference of views because the conduct of the patent infringement case cannot affect the outcome of this case.  What is important here is that Biovail has been diligent in seeking FDA action on its Citizen Petition.  After filing its Petition in December of 2005, Biovail was notified in June of 2006 that FDA would not rule on the Petition within the 180-day timeframe prescribed by regulation.  (*See* Perra Decl. Ex. C.)  By the end of that very same month, Biovail sent a letter of protest to FDA demanding that action be taken on its Citizen Petition.  (*See* Perra Decl. Ex. D.)  Thus, Biovail did not sit idly by waiting to file this action, but previously voiced its frustration with FDA's practice of denying Citizen Petitions at the same time the agency grants the ANDAs to which those Petitions relate.  It is FDA, not Biovail, that bears responsibility for creating the need for emergency injunctive relief in this case.  Unfortunately, this Court is all too familiar with FDA's delays in similar contexts.  *See Sandoz*, 427 F. Supp. 2d at 33.

7.  Anchen asserts in its brief (at 11) that the Court should decline to consider Biovail's request for relief because it did not first petition FDA, under 21 C.F.R. § 10.35, for an administrative stay of action.  But Biovail is not seeking a stay of action, it is complaining that FDA has failed timely to decide its Citizen Petition and it is seeking to compel action.  Anchen cites no authority for its assertion.  Notably, even if the regulation Anchen cites had any application here, FDA does not make a comparable argument and FDA's response makes it very apparent that a petition for administrative stay would be futile.  The doctrine of exhaustion is

based on "prudential considerations, [it] may be waived by the agency, or disregarded by the court when application of the doctrine would be futile." *Cutler v. Hayes*, 818 F.2d 879, 891 (D.C. Cir. 1987). This argument provides no impediment to the Court's ability to grant the relief Biovail seeks.

8. Finally, FDA argues (at 8) that granting the relief requested by Biovail will encourage innovator companies to submit "frivolous" Citizen Petitions. If Biovail's Citizen Petition were "frivolous," however, FDA could easily have issued a decision within the 180-day timeframe prescribed by regulation.

## CONCLUSION

For the reasons stated above and in Biovail's moving papers, FDA should be ordered to decide Biovail's Citizen Petition of December 20, 2005 promptly, and in all events at least one week prior to granting any ANDA for a generic version of WELLBUTRIN XL®.

Dated: August 24, 2006                                      Respectfully submitted,


                                                            */s/ James F. Segroves*
                                                            James F. Segroves (DC Bar No. 480360)
                                                            PROSKAUER ROSE LLP
                                                            1001 Pennsylvania Avenue, NW
                                                            Suite 400 South
                                                            Washington, DC 20004-2533
                                                            202.416.6800
                                                            202.416.6899 (fax)

                                                            Ronald S. Rauchberg (admitted *pro hac vice*)
                                                            Kevin J. Perra (admitted *pro hac vice*)
                                                            PROSKAUER ROSE LLP
                                                            1585 Broadway
                                                            New York, NY 10036-8299
                                                            212.969.3000
                                                            212.969.2900 (fax)

                                                            John B. Dubeck (DC Bar No. 238287)
                                                            KELLER AND HECKMAN LLP

1001 G Street, NW
Washington, DC 20001
(202) 434-4200
(202) 434-4646 (fax)

*Attorneys for Plaintiffs Biovail Corporation
and Biovail Laboratories International SRL*