IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BIOVAIL CORPORATION, *et al.*, ) </br> ) </br> Plaintiffs, ) </br> ) </br> v. ) </br> ) </br> U.S. FOOD & DRUG ADMINISTRATION, ) </br> *et al.*, ) </br> ) </br> Defendants, ) </br> ) </br> and ) </br> ) </br> ANCHEN PHARMACEUTICALS, INC., ) </br> ) </br> Intervenor. ) </br> ) | Civil Action No. 06-1487 (RMU) |

**PLAINTIFFS' MOTION FOR LEAVE TO
FILE AN AMENDED AND SUPPLEMENTED COMPLAINT**

Pursuant to Rule 15(a) and (d) of the Federal Rules of Civil Procedure, Plaintiffs Biovail Corporation and Biovail Laboratories International SRL (collectively, "Biovail") respectfully request that the Court grant them leave to file an Amended and Supplemented Complaint for Injunctive and Declaratory Relief and Writ of Mandamus, a copy of which is attached as Exhibit 1 in accordance with Local Civil Rule 7(i). As explained below, recent factual developments have necessitated that Biovail amend and supplement its original complaint.

**BACKGROUND**

In order to receive approval from the U.S. Food and Drug Administration ("FDA") to manufacture a generic drug, one must file an Abbreviated New Drug Application ("ANDA") and prove that its generic version is bioequivalent to the innovator drug. *See* 21 U.S.C. § 355(j). FDA regulations permit the filing of a "Citizen Petition" by which those with rights to or

1

knowledge about the innovator drug may call to the FDA's attention information to ensure an accurate determination of bioequivalence and compliance with other requirements. *See* 21 C.F.R. §§ 10.20, 10.25, and 10.30.

On August 23, 2006, Biovail initiated this action seeking to compel FDA to rule on Biovail's Citizen Petition at least one calendar week prior to granting any ANDA for generic WELLBUTRIN XL®, a prescription drug used in the treatment of Major Depressive Disorder and Seasonal Affective Disorder. That same day, Biovail moved for a temporary restraining order and preliminary injunction, warning that FDA's practice was to deny Citizen Petitions on the same date that it announced approval of ANDAs. Biovail contended that this practice not only violated the Administrative Procedure Act and pertinent regulations, but that it also denied an opportunity for meaningful and timely judicial review of FDA's denial of Citizens Petitions. Notwithstanding these concerns, the Court denied the requested provisional relief on August 25, 2006. *See Biovail Corp. v. FDA*, 448 F. Supp. 2d 154 (D.D.C. 2006).

On December 14, 2006, FDA issued a denial of Biovail's Citizen Petition on the same day that it granted Intervenor Anchen Pharmaceuticals, Inc.'s ("Anchen") ANDA for generic WELLBUTRIN XL®. In denying Biovail's Citizen Petition and granting Anchen's ANDA, FDA did not require Anchen to have the same labeling as WELLBUTRIN XL®. The agency also refused to require Anchen (or any other ANDA applicant) to demonstrate bioequivalence of the applicant's product to earlier formulations of WELLBUTRIN, as it had required Biovail to do.

Biovail's Amended and Supplemented Complaint challenges the FDA decisions on the ground that they are arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law.

**ARGUMENT**

**A.      Standards for Amending and Supplementing Pleadings**

A plaintiff has an "absolute right to amend [his] complaint once at any time before the defendant has filed a responsive pleading." *James V. Hurson Assoc., Inc. v. Glickman*, 229 F.3d 277, 282-83 (D.C. Cir. 2000); *see also* Fed. R. Civ. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ."). Even if the defendant has filed a responsive pleading, Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Consequently, leave to amend is to be granted absent bad faith, dilatory motive, undue delay . . . or prejudice on the non-moving party." *Miss. Ass'n of Coops. v. Farmers Home Admin.*, 139 F.R.D. 542, 543 (D.D.C. 1991) (citing *Foman*, 371 U.S. at 182).

As for supplementation, the Federal Rules of Civil Procedure "allow for the filing of a supplemental pleading so that a plaintiff may 'set[ ] forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.'" *Banks v. York*, 448 F. Supp. 2d 213, 214 (D.D.C. 2006) (quoting Fed. R. Civ. P. 15(d)). "Leave to file a supplemental complaint is left to the district court's discretion, but should be 'freely granted . . . where such supplementation will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay of trial, inconvenience and will not prejudice the rights of any other party.'" *Id.* (quoting *Wells v. Harris*, 185 F.R.D. 128, 132 (D. Conn. 1999)).

**B.     Biovail's Request Easily Satisfies the Foregoing Standards**

Granting the instant motion will not cause undue delay or inconvenience. This case has remained dormant following the Court's August 25, 2006 order denying Biovail's initial request for provisional relief. Although Anchen filed an Answer in Intervention on August 24, 2006, FDA has yet to file a "responsive pleading" to Biovail's original complaint.

Rather than causing delay or inconvenience, granting Biovail's motion will promote the economic and speedy disposition of the controversy between the parties. Requiring Biovail to file a new lawsuit would be extremely inefficient. Not only would Biovail again have to seek the *pro hac vice* admission of its out-of-town co-counsel, Anchen would have to refile a motion to intervene. By allowing Biovail to amend and supplement its original complaint to account for FDA's December 14, 2006 decision denying Biovail's Citizen Petition on the same day that it granted Anchen's ANDA for generic WELLBUTRIN XL®, these unnecessary and redundant processes can be avoided.

## CONCLUSION

For the foregoing reasons, Biovail respectfully requests that the Court grant Biovail leave to file the Amended and Supplemented Complaint for Injunctive and Declaratory Relief and Writ of Mandamus attached hereto as Exhibit 1. In accordance with Local Civil Rule 7(m), early on the morning of December 18, 2006, counsel for Biovail attempted to speak via telephone with counsel for Defendants and Intervenor. After leaving voicemail messages for counsel, the undersigned notified counsel via electronic mail of Biovail's intent to file the instant motion on an expedited basis. As of the time of filing, however, counsel have not indicated whether they oppose Biovail's request.

Dated: December 18, 2006                                    Respectfully submitted,


By: */s/ James F. Segroves*
    James F. Segroves (DC Bar No. 480360)
    PROSKAUER ROSE LLP
    1001 Pennsylvania Avenue, NW
    Suite 400 South
    Washington, DC 20004-2533
    202.416.6800

    Ronald S. Rauchberg (admitted *pro hac vice*)
    Kevin J. Perra (admitted *pro hac vice*)
    PROSKAUER ROSE LLP
    1585 Broadway
    New York, NY 10036-8299
    212.969.3000

    John B. Dubeck (DC Bar No. 238287)
    KELLER AND HECKMAN LLP
    1001 G Street, NW
    Suite 500 West
    Washington, DC 20001
    202.434.4200

    *Attorneys for Plaintiffs Biovail Corporation*
    *and Biovail Laboratories International SRL*