**EXHIBIT 1**

**Plaintiffs' Motion for Leave to File an Amended and Supplemented Complaint,**
*Biovail Corporation, et al. v. U.S. Food & Drug Administration, et al.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BIOVAIL CORPORATION, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-1487 (RMU) |
| ) | |
| U.S. FOOD & DRUG ADMINISTRATION, ) | |
| *et al.*, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| ANCHEN PHARMACEUTICALS, INC., ) | |
| ) | |
| Intervenor. ) | |

**AMENDED AND SUPPLEMENTED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY RELIEF AND WRIT OF MANDAMUS**

**INTRODUCTION**

1.  Plaintiffs Biovail Corporation and Biovail Laboratories International SRL (collectively, "Biovail") bring this action for injunctive, declaratory and mandamus relief against the U.S. Food and Drug Administration ("FDA") and Andrew C. von Eschenbach, M.D., in his official capacity as Commissioner of Food and Drugs. This action seeks judicial review of FDA's December 14, 2006 denial of Biovail's Citizen Petition concerning Abbreviated New Drug Application ("ANDAs") to sell a generic version of WELLBUTRIN XL®, a prescription drug product. This action also seeks judicial review of FDA's December 14, 2006 approval of Anchen Pharmaceuticals, Inc.'s ("Anchen") ANDA to sell a generic version of WELLBUTRIN XL®, as well as any other ANDAs related to WELLBUTRIN XL® that FDA has approved. For

ease of reference, the foregoing FDA decisions will be collectively referred to as the "FDA Decisions."

2. The FDA Decisions were arbitrary; capricious; an abuse of agency discretion; contrary to the Federal Food, Drug, and Cosmetic Act ("FDCA" or "Act"), 21 U.S.C. § 301 *et seq.*; and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* At issue here is nothing less than FDA's failure to protect the public health and safety by applying inappropriate standards in approving ANDAs for generic WELLBUTRIN XL®.

3. Through its Citizen Petition, Biovail urged FDA to ensure that any generic version of WELLBUTRIN XL® can lawfully and legitimately use the same label as the branded version—as is required under the pertinent statutory and regulatory provisions. By ignoring these concerns and approving ANDAs for generic WELLBUTRIN XL, the FDA Decisions will result in the generic version of WELLBUTRIN XL® having a label that is inherently false and misleading, especially with respect to the critical issues of the drug's risk profile.

4. Furthermore, FDA abused its discretion by (1) not requiring Anchen (or any other ANDA applicant) to demonstrate equivalence at the metabolite level with respect to all three metabolites related to WELLBUTRIN XL®'s active ingredient, bupropion; and (2) by not requiring Anchen (or any other ANDA applicant) to submit data created through bioequivalence trials at steady-state.

5. Biovail, therefore, seeks judicial review of the FDA Decisions by this Court. Biovail prays for a judgment declaring that the FDA Decisions are arbitrary, capricious, an abuse of agency discretion, and/or contrary to law, and an order: (a) setting aside the FDA Decisions, (b) directing FDA to suspend or withdraw the FDA Decisions, (c) directing FDA to grant Biovail's Citizens Petition, and (d) enjoining FDA from approving the Anchen ANDA (or any

other ANDA applicant) until each ANDA applicant demonstrates that it can truthfully make all pertinent representations in the labeling for WELLBUTRIN XL® and until each ANDA applicant makes an adequate demonstration of bioequivalency.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 555, 702 and 706 (APA); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1361 (mandamus).

7. The relief requested is authorized pursuant to 28 U.S.C. § 1651 (all writs act); 28 U.S.C. § 2201 (declaratory relief); and 28 U.S.C. § 2202 (further relief). Biovail has a right to bring this action pursuant to the APA, 5 U.S.C. §§ 701-706.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

9. Plaintiff Biovail Corporation is a corporation with its head office at 7150 Mississauga Road, Mississauga, Ontario, Canada, L5N 8M5. Biovail, together with its subsidiaries, is a fully integrated pharmaceutical company that, among other things, tests, develops, manufactures, and sells prescription drugs, either directly or to other pharmaceutical companies for marketing and distribution primarily in the U.S. and Canadian markets. The company is listed and publicly traded on the New York and Toronto Stock Exchanges.

10. Plaintiff Biovail Laboratories International SRL is a wholly owned subsidiary of Biovail Corporation, with its offices located at Chelston Park, Building 2, Collymore Rock, St. Michael, Barbados, West Indies. Biovail Laboratories International SRL is the assigned owner of the patents to WELLBUTRIN XL®.

11. Defendant U.S. Food and Drug Administration, which has its principal office at 5600 Fishers Lane, Rockville, Maryland 20857, regulates prescription drugs under authority

delegated by Congress and the Secretary of Health and Human Services of the U.S. Department of Health and Human Services, a federal agency headquartered in the District of Columbia.

12.     Defendant Andrew C. von Eschenbach, M.D., is sued in his official capacity as Commissioner of Food and Drugs. As Commissioner, Dr. von Eschenbach has the ultimate responsibility for the activities of FDA, including those actions complained of herein. Dr. von Eschenbach maintains an office at 5600 Fishers Lane, Rockville, Maryland 20857.

13.     Intervenor Anchen Pharmaceuticals, Inc. is a pharmaceutical company located at 5 Goodyear, Irvine, California 92618.

## STATEMENT OF FACTS

**Biovail's WELLBUTRIN XL®**

14.     Biovail developed and manufactures WELLBUTRIN XL®. WELLBUTRIN XL® is an FDA-approved "innovator" prescription drug (sometimes referred to as a "pioneer," "brand-name" or "branded" drug) used to treat Major Depressive Disorder ("MDD"), a common and severe psychiatric disorder.

15.     Biovail Laboratories International SRL is the assigned owner of the patents to WELLBUTRIN XL®.

16.     Biovail manufactures and supplies WELLBUTRIN XL® for the U.S. market exclusively to GlaxoSmithKline, Inc., one of the largest pharmaceutical companies in the world.

17.     WELLBUTRIN XL® represents a substantial asset and cash flow stream for Biovail, generating hundreds of millions of dollars a year in revenue.

18.     Chemically, WELLBUTRIN XL® is bupropion hydrochloride in extended-release tablets for once-a-day-administration.

19.    Under relevant provisions of the FDCA, parties are permitted to file ANDAs for generic forms of FDA-approved innovator drugs such as WELLBUTRIN XL®. A generic version of an innovator drug may be approved under an ANDA that relies upon the findings of safety and effectiveness for the innovator drug.

20.    However, because a generic is marketed as a substitute for an innovator drug, FDA may not approve an ANDA unless the applicant proves that its generic version is "bioequivalent" to the innovator drug.

**Biovail's Citizen Petition**

21.    Those with rights to, and scientific knowledge about, an innovator drug commonly provide FDA with technical information during the ANDA review process to ensure an accurate determination of bioequivalence. The process for submitting such information is by filing a "Citizen Petition" under applicable regulations. Under those regulations, FDA must consider and take action on the petition within 180 days of filing unless unable to do so.

22.    Pursuant to the applicable regulations, after the filing of Anchen's ANDA, Biovail filed a Citizen Petition on December 20, 2005, concerning all ANDAs for generic WELLBUTRIN XL®. In its Citizen Petition, Biovail urged that FDA apply certain criteria in the approval process for any such ANDA. Application of those criteria was and is necessary to ensure protection against potentially serious risks relating to high levels of buproprion hydrochloride, the active drug in WELLBUTRIN XL®.

23.    In a June 7, 2006 notice, FDA stated that it would be unable to decide the Biovail Citizen Petition within the 180-day regulatory response deadline and indefinitely delayed such action. This tentative response stated without further explanation that "FDA has been unable to

6

reach a decision on [Biovail's] petition because it raised complex issues requiring extensive review and analysis by Agency officials."

### The Prior Complaint Seeking To Compel The FDA To Decide The Citizen Petition

24.     On August 23, 2006, Biovail filed a complaint in this Court to compel FDA to decide the Citizen Petition without further delay. In light of the public health issues and the fact that FDA's delay would make it more difficult for a court to review these issues upon FDA's approval of the ANDA, Biovail sought a temporary restraining order and preliminary injunction to compel FDA to take action on the Citizen Petition. The Court denied Biovail's motion for provisional relief in an order dated August 25, 2006. *See Biovail Corp. v. FDA*, 448 F. Supp. 2d 154 (D.D.C. 2006).

25.     As Biovail explained in the papers submitted with its prior motion for provisional relief, FDA's failure to decide Biovail's Citizen Petition within the required 180 days is consistent with FDA's actions with respect to other Citizen Petitions relating to ANDAs. Upon information and belief, in the last six years, FDA has consistently disregarded the 180-day requirement and has never decided a Citizen Petition prior to its decision to approve the related ANDA.

26.     Indeed, it is FDA's pattern and practice to render a decision on a Citizen Petition relating to an ANDA on the same day that FDA issues its approval of an ANDA, without regard to the 180-day requirement.

### FDA's Denial of the Citizen Petition and Its Concurrent Approval of the ANDA

27.     Just as Biovail feared, on December 14, 2006, FDA decided to follow its past practice (in violation of the applicable regulations and Biovail's due process rights) by

7

(1) denying its Citizen Petition and (2) concurrently granting the ANDA for generic WELLBUTRIN XL®.

28.     In denying Biovail's Citizen Petition and granting Anchen's ANDA, FDA did not require Anchen (or any other ANDA applicant) to have the same labeling as WELLBUTRIN XL®.  The agency also refused to require Anchen (or any other ANDA applicant) to demonstrate bioequivalence of the applicant's generic product to either WELLBUTRIN and WELLBUTRIN SR, as it had required Biovail to do.  Not withstanding the fact that there are significant adverse effects associated with bupropion hydrochloride and that the relationship between exposure, rate of exposure and metabolic effects are not well understood, FDA failed to require Anchen to submit data that would have minimized the risk of patient harm from any performance differences between the current Wellbutrin products and putative generic substitutes.

## CLAIM

29.     Biovail incorporates by reference all allegations contained in paragraphs 1 through 28 of this Amended and Supplemented Complaint.

30.     The FDA Decisions were arbitrary, capricious, an abuse of agency discretion, and contrary to the FDCA and the APA.

31.     The label for the proposed generic version of WELLBUTRIN XL® is inherently false and misleading and would jeopardize public safety.  The label for generic WELLBUTRIN XL®—which, by law, is required to be the same as for the branded version—will falsely state that the drug has a similar risk for *grand mal* seizure as prior formulations of the drug—*i.e.*, the immediate-release and sustained-release formulations of bupropion.  However, it is indisputable that the generic version has *not* been shown to be bioequivalent to these prior formulations.  Indeed, the generic version might very well have a higher risk of causing seizure than these prior

formulations, rendering the label false and misleading and potentially understating the important safety risks with the product.

32.     Furthermore, FDA abused its discretion by (1) not requiring Anchen (or any other ANDA applicant) to demonstrate equivalence at the metabolite level with respect to all three bupropion metabolites, and (2) by not requiring Anchen (or any other ANDA applicant) to submit data created through bioequivalence trials at steady-state.

33.     Biovail is in imminent danger of losing sales to Anchen as a direct result of FDA's improper approval of the ANDA. This type of economic harm is irreparable because FDA is immune from suit for damages for its actions here under the Federal Tort Claims Act, thereby depriving Biovail of an adequate remedy at law.

34.     Biovail is also in imminent danger of immediate injury to the goodwill inherent in WELLBUTRIN XL®. By holding its product out as a generic version of Biovail's product, Anchen will necessarily benefit from the goodwill inherent in WELLBUTRIN XL®. Because the newly approved Anchen product has not been shown to have the same safety profile as WELLBUTRIN XL® (despite the claims in its labeling) and has not been shown to be bioequivalent to WELLBUTRIN XL®, Biovail's goodwill will be irreparably harmed based on FDA's improper approval of the ANDA.

35.     As a result of FDA's actions, Biovail has suffered and will continue to suffer, absent injunctive relief, irreparable harm for which there is no adequate remedy at law.

**RELIEF REQUESTED**

WHEREFORE, Biovail respectfully requests that this Court enter an order:

A.     Declaring that FDA's denial of the Biovail Citizen Petition was arbitrary, capricious, an abuse of agency discretion, and contrary to the FDCA and the APA;

      B.      Declaring that FDA's approval of the Anchen ANDA, as well as any other ANDA related to WELLBUTRIN XL® that has already been approved by the agency, was arbitrary, capricious, an abuse of agency discretion, and contrary to the FDCA and the APA;

      C.      Directing FDA to withdraw or suspend the approval of the ANDA filed by Anchen, as well as any other ANDA related to WELLBUTRIN XL® that has already been approved by the agency;

      D.      Directing FDA to grant the Biovail Citizen Petition;

      E.      Temporarily, preliminary and permanently enjoining FDA from approving the Anchen ANDA (and any other ANDA related to WELLBUTRIN XL®) until such time as the ANDA applicants demonstrate that they can truthfully make all pertinent representations in the labeling for WELLBUTRIN XL®, including that their generic product is bioequivalent to the immediate-release and sustained-release formulations of bupropion, and therefore, may have similar medical risks as those products;

      F.      Temporarily, preliminary and permanently enjoining FDA from approving the Anchen ANDA (and any other ANDA related to WELLBUTRIN XL®) until such time as the ANDA applicants demonstrate that their respective products are bioequivalent to WELLBUTRIN XL®, in the manner urged by Biovail in its Citizen Petition;

      G.      Awarding Biovail attorneys' fees and reasonable expenses incurred in connection with this action; and

H.     Such other relief as the Court deems just and proper.

Dated: December 18, 2006                              Respectfully submitted,


                                           By: */s/ James F. Segroves*
                                                 James F. Segroves (DC Bar No. 480360)
                                                 PROSKAUER ROSE LLP
                                                 1001 Pennsylvania Avenue, NW
                                                 Suite 400 South
                                                 Washington, DC 20004-2533
                                                 202.416.6800

                                                 Ronald S. Rauchberg (not admitted in DC)
                                                 Kevin J. Perra (not admitted in DC)
                                                 PROSKAUER ROSE LLP
                                                 1585 Broadway
                                                 New York, NY 10036-8299
                                                 212.969.3000

                                                 John B. Dubeck (DC Bar No. 238287)
                                                 KELLER AND HECKMAN LLP
                                                 1001 G Street, NW
                                                 Suite 500 West
                                                 Washington, DC 20001
                                                 (202) 434-4200

                                                 *Attorneys for Plaintiffs Biovail Corporation*
                                                 *and Biovail Laboratories International SRL*