# EXHIBIT 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

P-Send

CIVIL MINUTES - GENERAL

Case No.   SACV 04-1468-JVS(RCx)                              Date   August 1, 2006

Title      Biovail Laboratories Inc., et al. v. Anchen Pharmaceuticals Inc., et al.

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS)    Order Granting in Part and Denying in Part
Defendant Anchen's Motion for Summary
Judgment (Fld 3-17-06)
Order Denying Plaintiffs' Motion for Partial
Summary Judgment

I.   BACKGROUND

Plaintiff Biovail Laboratories, Inc. ("Biovail") has instituted the instant patent infringement case against Defendant Anchen Pharmaceuticals, Inc. ("Anchen") pursuant to the Drug Price Competition and Patent Term Restoration Act of 1984, the "Hatch-Waxman Act," Pub. L. No. 98-417, 98 Stat. 1585. Biovail contends that Anchen has infringed United States Patent No. 6,096,341 ("the '341 patent"). The '341 patent describes a delayed-release tablet formulation of bupropion hydrochloride. Bupropion hydrochloride is an anti-depressant drug which is contained in a prescription medication called Wellbutrin XL.

In September 2004, Anchen filed an Abbreviated New Drug Application ("ANDA") seeking Federal Drug Administration ("FDA") approval to market generic bupropion hydrochloride extended release tablets. The reference listed drug for Anchen's ANDA is Wellbutrin XL. (Anchen's Statement of Uncontroverted Facts and Conclusions of Law in Support of its Motion for Summary Judgment ("LR 56-1 Stmt."), ¶¶ 16-31.)

Anchen moves the Court for summary judgment on the issues of non-infringement and invalidity of the '34 patent. Biovail moves the Court for summary judgment on the issue of non-infringement. The two motions are hereby consolidated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 04-1468-JVS(RCx) | Date | August 1, 2006 |
| Title | Biovail Laboratories Inc., et al. v. Anchen Pharmaceuticals Inc., et al. | | |

old elements."

Biovail points out that Anchen has not claimed that there is any teaching or suggestion in the prior art that these different elements should be combined in the manner specified in the '341 patent. (Biovail Opp'n, p. 24.) Because "[t]he absence of such a suggestion to combine is dispositive in an obviousness determination." Gambro Lundia, 110 F.3d at 1579.

Anchen fails to adequately address this argument, and for this reason, in addition to the reasons discussed above, the Court finds that Biovail has demonstrated a genuine issue of material fact as to whether the '341 patent is invalid as obvious in light of the '754 patent.

**********

Based on the disputes discussed in depth above, the Court finds that there is a genuine issue of material fact as to whether claims 30 and 31 of the '341 patent are invalid as obvious in light of the specification of the '754 patent. Biovail has produced sufficient evidence to rebut Anchen's claims of obviousness and has created a genuine issue of material fact with respect to this issue. MEMC Electronic Materials, 420 F.3d at 1373.

IV. CONCLUSION

For the foregoing reasons the Court denies Biovail's motion for summary judgment, and grants Anchen's motion for summary judgment on the issue of infringement, and denies Anchen's motion on the issue of invalidity.

Initials of Preparer