# EXHIBIT 3

COPY

1  KATTEN MUCHIN ZAVIS ROSENMAN
   Charles M. Stern (State Bar Number 43870)
2  2029 Century Park East, Suite 2600
   Los Angeles, CA 90067-3012
3  Telephone: 310.788.4400
4  Facsimile: 310.788.4471

5  Eric C. Cohen (Illinois State Bar Number 0473685)
   Charles R. Krikorian (Illinois State Bar Number 6229638)
6  525 West Monroe Street
   Chicago, Illinois 60661-3693
7  Telephone:   312.902.5200
8  Facsimile:   312.902.1061

9  Attorneys for plaintiffs
   BIOVAIL LABORATORIES, INC.
10 and SMITHKLINE BEECHAM CORP.

11

12                 UNITED STATES DISTRICT COURT
13                 CENTRAL DISTRICT OF CALIFORNIA

14 BIOVAIL LABORATORIES INC.,              )  Case No.  SACV04-1468
   a corporation of Barbados, and          )
15 SMITHKLINE BEECHAM CORP.,               )
16 a Pennsylvania corporation,             )  COMPLAINT FOR PATENT
                                           )  INFRINGEMENT
17          Plaintiffs,                    )
                                           )
18     v.                                  )
                                           )
19 ANCHEN PHARMACEUTICALS, INC.,           )
20 a California corporation, and ANCHEN    )
   PHARMACEUTICALS, INC., a Taiwanese      )
21 corporation,                            )
                                           )
22          Defendants                     )
                                           )
23                                         )
                                           )
24 _____)

25

26

27

28

DOC #:CH101 (332931-00012) 50248971v1;12/20/2004/TIME:12:54            COMPLAINT FOR PATENT INFRINGEMENT

1    Plaintiffs Biovail Laboratories Inc. ("Biovail") and SmithKline Beecham Corp.

2  ("SmithKline"), for their complaint against Anchen Pharmaceuticals, Inc., a California

3  corporation, and Anchen Pharmaceuticals, Inc., a Taiwanese corporation (together "Anchen"),

4  allege as follows:

5

6                              JURISDICTION AND VENUE

7    1.    This is an action for infringement of U.S. Patent Nos. 6,096,341 and 6,143,327

8  pursuant to 35 U.S.C. § 271(e)(2). Defendants have filed an Abbreviated New Drug Application

9  ("ANDA") Number 77-284 with the United States Food and Drug Administration ("FDA") for a

10  generic version of Wellbutrin XL®, an antidepressant which may be administered once daily. Each

11  of the foregoing patents is listed in the FDA's book of Approved Drug Products With Therapeutic

12  Equivalence Evaluations ("the Orange Book") as covering Wellbutrin XL®. Plaintiffs received a

13  written notice from Defendant Anchen Pharmaceuticals, Inc., stating that pursuant to 21 U.S.C.

14  § 355(j)(2)(A)(vii)(IV), Anchen had certified to FDA that each of the foregoing patents will not be

15  infringed by the manufacture, use or sale of the new drug for which ANDA No. 77-284 is

16  submitted and that Anchen seeks approval from FDA to market its proposed ANDA product prior

17  to the expiration of the above-identified patents. Under 35 U.S.C. § 271(e)(2), "[i]t shall be an act

18  of infringement to submit an [ANDA] application under [21 U.S.C. § 355(j)] . . . for a drug

19  claimed in a patent or the use of which is claimed in a patent . . . if the purpose of such submission

20  is to obtain approval  . . . to engage in the commercial manufacture, use, or sale of a drug . . .

21  claimed in a patent . . . before the expiration of such patent."

22    2.    This Court has jurisdiction under 28 U.S.C. § 1338(a). Venue is proper in this

23  Court under 28 U.S.C. §§ 1391(c) and 1400(b).

24                                    **Parties**

25    3. Plaintiff Biovail Laboratories Inc. ("Biovail") is a corporation organized and existing

26  under the laws of Barbados and has a place of business in Carolina, Puerto Rico.

27

28
                                          2

1    4. Plaintiff SmithKline Beecham Corp. ("SmithKline") is a corporation organized and

2  existing under the laws of the Commonwealth of Pennsylvania and has a place of business in

3  Philadelphia, Pennsylvania.

4    5. After an opportunity for further investigation or discovery, there is likely to be evidence

5  that defendant Anchen Pharmaceuticals, Inc. ("Anchen USA") is a corporation organized and

6  existing under the laws of the State of California and has a principal place of business in Irvine,

7  California.

8    6. After an opportunity for further investigation or discovery, there is likely to be evidence

9  that defendant Anchen Pharmaceuticals, Inc. ("Anchen Taiwan") is a corporation organized and

10  existing under the laws of Taiwan, which controls Anchen USA either directly or indirectly.

11    7. Defendant Anchen USA resides in this District. After an opportunity for further

12  investigation or discovery, there is likely to be evidence that, by virtue of its control over Anchen

13  USA, Anchen Taiwan has a presence in this District. Further, after an opportunity for further

14  investigation or discovery, there is likely to be evidence that Defendant Anchen Taiwan either

15  actively instigated, directly participated in, or intentionally induced Anchen USA to commit, the

16  acts of infringement complained of herein.

17    **PLAINTIFFS' NEW DRUG APPLICATION PRODUCT – WELLBUTRIN XL®**

18    8.    SmithKline is the owner of the rights under New Drug Application ("NDA")

19  021515, under which it sought and received approval from FDA on August 28, 2003 to

20  manufacture, market and sell a drug having the active ingredient bupropion hydrochloride, used in

21  the treatment of depression. Since that time, under NDA 021515, SmithKline has sold a drug under

22  the trademark Wellbutrin XL®. SmithKline has listed NDA 021515 and its Wellbutrin XL® drug in

23  the Orange Book, under its active ingredient, bupropion hydrochloride. SmithKline has also listed

24  the following United States patents in the Orange Book as covering its NDA product: U.S. Patent

25  Nos. 6,096,341 and 6,143,327.

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT

DOC #:CH101 (332931-00012) 50248971V1;12/20/2004/TIME:12:54

1    9.    U.S. Patent No. 6,096,341 ("the '341 patent") was duly and legally issued on

2  August 1, 2000.  Biovail is the owner by assignment of the '341 patent and has the right to sue for

3  infringement and recover damages.

4    10.    U.S. Patent No. 6,143,327 ("the '327 patent") was duly and legally issued on

5  November 7, 2000.  Biovail is the owner by assignment of the '327 patent and has the right to sue

6  for infringement and recover damages.

7

**COUNT I**
**ANCHEN'S ACT OF INFRINGEMENT OF**
**THE '341 PATENT UNDER 35 U.S.C. §271(E)(2)**

8

9    11.    Plaintiffs incorporate paragraphs 1-10 by reference.

10    12.    Defendants advised Plaintiffs by a written instrument dated November 12, 2004,

11  that they had filed ANDA No. 77-284, seeking approval from the FDA to market a generic version

12  of Wellbutrin XL® and that they had certified to FDA pursuant to 21 U.S.C.

13  § 355(j)(2)(A)(vii)(IV) that the proposed ANDA product would not infringe the '341 patent.

14  Defendants seek approval from FDA to market their proposed generic product before the

15  expiration of the '341 patent.

16    13.    Plaintiffs have served written requests on Defendants for information necessary to

17  determine whether the product Defendants are likely to market if the FDA approves ANDA No.

18  77-284 is within the scope of one or more claims of the '341 patent. Defendants have provided

19  some information, from which Plaintiffs have concluded that Defendants' proposed ANDA likely

20  specifies a product that infringes the '341 patent. Other information relating to the issue of

21  infringement is in Defendants' possession or is on file with the FDA on a confidential basis.

22  Plaintiffs do not have access to such information.

23    14.    In the absence of the information that Defendants have not provided in response to

24  Plaintiffs' written requests, Plaintiffs must resort to the judicial process and the aid of discovery to

25  obtain under appropriate judicial safeguards such information as is required to confirm their belief

26  and to present to the Court evidence that Defendants infringe one or more claims of the '341

27  patent.

28

4

DOC #:CHI01 (332931-00012) 50248971V1;12/20/2004/TIME:12:54

1    15.    After a reasonable opportunity for further investigation or discovery, there is likely
2    to be evidence that Defendants have infringed the '341 patent under 35 U.S.C.§ 271(e)(2) by
3    seeking approval under ANDA No. 77-284 to engage in the commercial manufacture, use, sale or
4    offer for sale of their proposed ANDA product prior to the expiration of the '341 patent.

5    16.    After a reasonable opportunity for further investigation or discovery, and by the
6    time this case goes to trial, there is likely to be evidence that Defendants have damaged Plaintiffs
7    by publicizing the fact that they have filed ANDA 77-284 and by offering to sell their proposed
8    ANDA product within the United States to distributors or pharmacies for distribution to physicians
9    after the effective date of any FDA approval.

10    **COUNT II**
**ANCHEN'S ACT OF INFRINGEMENT OF**
11    **THE '327 PATENT UNDER 35 U.S.C. §271(E)(2)**

12    17.    Plaintiffs incorporate paragraphs 1-10 by reference.

13    18.    Defendants advised Plaintiffs by a written instrument dated November 12, 2004,
14    that they had filed ANDA No. 77-284, seeking approval from the FDA to market a generic version
15    of Wellbutrin XL® and that they had certified to FDA pursuant to 21 U.S.C.
16    § 355(j)(2)(A)(vii)(IV) that the proposed ANDA product would not infringe the '327 patent.
17    Defendants seek approval from FDA to market their proposed generic product before the
18    expiration of the '327 patent.

19    19.    Plaintiffs have served written requests on Defendants for information necessary to
20    determine whether the product Defendants are likely to market if the FDA approves ANDA No.
21    77-284 is within the scope of one or more claims of the '327 patent. Defendants have provided
22    some information, from which Plaintiffs have concluded that Defendants' proposed ANDA likely
23    specifies a product that infringes the '327 patent. Other information relating to the issue of
24    infringement is in Defendants' possession or is on file with the FDA on a confidential basis.
25    Plaintiffs do not have access to such information.

26    20.    In the absence of the information that Defendants have not provided in response to
27    Plaintiffs' written requests, Plaintiffs must resort to the judicial process and the aid of discovery to
28

5

obtain under appropriate judicial safeguards such information as is required to confirm their belief and to present to the Court evidence that Defendants infringe one or more claims of the '327 patent.

21.    After a reasonable opportunity for further investigation or discovery, there is likely to be evidence that Defendants have infringed the '327 patent under 35 U.S.C.§ 271(e)(2) by seeking approval under ANDA No. 77-284 to engage in the commercial manufacture, use, sale or offer for sale of their proposed ANDA product prior to the expiration of the '327 patent.

22.    After a reasonable opportunity for further investigation or discovery, and by the time this case goes to trial, there is likely to be evidence that Defendants have damaged Plaintiffs by publicizing the fact that they have filed ANDA 77-284 and by offering to sell its proposed ANDA product within the United States to distributors or pharmacies for distribution to physicians after the effective date of any FDA approval.

**WHEREFORE,** plaintiffs pray for relief as follows:

A.    a judgment that Defendants have infringed valid U.S. Patent Nos. 6,096,341 and 6,143,327 under 35 U.S.C. § 271(e)(2);

B.    that the earliest effective approval date of ANDA No. 77-284, if any, shall not be earlier than the last expiration of U.S. Patent No. 6,096,341 or 6,143,327;

C.    an injunction against the commercial manufacture, use, offer to sell or sale within the United States of any product made pursuant to the specification of ANDA No. 77-284;

D.    an award of damages;

E.    an award of costs and expenses in this action; and

F.    for such further relief as this Court may deem just and proper.

6

1

2       Dated: December 21, 2004

3                           KATTEN MUCHIN ZAVIS ROSENMAN

4

5                           By _____
                                    Charles M. Stern
6

7                           Attorneys for plaintiffs BIOVAIL LABORATORIES
                            INC. and SMITHKLINE BEECHAM CORP.
8

9                           **DEMAND FOR JURY**

10

11      Plaintiffs demand a jury trial for all issues triable to a jury.

12
        DATED: December 21, 2004        KATTEN MUCHIN ZAVIS ROSENMAN
13

14
                                        By _____
15                                            Charles M. Stern

16
                                        Attorney for plaintiffs BIOVAIL LABORATORIES
17                                      INC. and SMITHKLINE BEECHAM CORP.

18

19

20

21

22

23

24

25

26

27

28

7

DOC #:CHI01 (332931-00012) 50248971V1;12/20/2004/TIME:12:54