# EXHIBIT 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   SACV 04-1468-JVS(RCx)                                    Date   August 24, 2006

Title   Biovail Laboratories Inc., et al. v. Anchen Pharmaceuticals Inc., et al.

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                 Not Present

**Proceedings:**   (IN CHAMBERS)   Order Denying Plaintiffs' Motion for Reconsideration of the Court's August 1, 2006 Order Granting Summary Judgment

## I. BACKGROUND

Plaintiff Biovail Laboratories, Inc. ("Biovail") brings the instant motion for reconsideration of this Court's August 1, 2006 Order granting summary judgment in favor of Defendant Anchen Pharmaceuticals, Inc. ("Anchen") based on non-infringement. For the following reasons, the Court denies Biovail's motion for reconsideration.[1]

## II. DISCUSSION

---

[1] While this Court addresses the merits of Biovail's contentions, the Court notes that Biovail has failed to bring a proper motion for reconsideration. Pursuant to Local Rule 7-18, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Local Rule 7-18. Here, Biovail has proffered the same argument in its previous motions and supplemental evidence submissions. Hence in ruling on the parties' cross-motions for summary judgment, the Court specifically reviewed the portions of Gribble's testimony, which is the sole basis of Biovail's instant motion for reconsideration. Even considering what Biovail characterizes as the "paper blizzard that descended upon this Court" (Reply, p. 2), review of Gribble's testimony was not a burdensome task for the Court as the entire length of questioning on this topic spanned approximately 10 pages of testimony.

In light of the Court's previous review of the specific passages of testimony which now form the basis of Biovail's instant motion, the Court finds that Biovail's assertion that this Court "failed to focus on the specific issue in this case," is not well-founded. (Mot., p. 2.)

Case 1:06-cv-01487-RMU   Document 24-13   Filed 12/29/2006   Page 3 of 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 04-1468-JVS(RCx) | Date | August 24, 2006 |
|---|---|---|---|
| Title | Biovail Laboratories Inc., et al. v. Anchen Pharmaceuticals Inc., et al. | | |

This Court found that there was no genuine issue of material fact as to whether hydrochloric acid acts as a stabilizer in United States Patent No. 6,096,341 ("the '341 patent"). (Aug. 1, 2006 Order, p. 7.) It was "clear to the Court that it does." (Id.)

Biovail now contends that this Court erred in that conclusion. Biovail re-submitted evidence, in the form of its expert Gordon W. Gribble's deposition, which it avers indicates that hydrochloric acid in Anchen's Abbreviated New Drug Application ("ANDA") product cannot not be a stabilizer. (Mot., p. 1.)

Claim 30 of the '341 patent provides: "[a] bupropion hydrochloride delayed release tablet free of stabilizer and free of pore-forming agent." (Anchen's LR 56-1 Stmt. ¶ 43.) In its Markman construction, the Court defined "free of stabilizer" to mean that the tablet is "free of any substance or agent that tends to prevent changes to the chemical integrity of the tablet." (February 8, 2006 Order, p. 2.)

Biovail bases its motion on one section of Gribble's testimony:

> Q. [A]ssume you have this bupropion hydrochloride surrounded by some dilute hydrochloric acid, and then that formulation is exposed to some water, a very small amount. Okay? Does the presence of hydrochloric acid in that formulation tend to prevent chemical changes to the bupropion hydrochloride?
> A. In my opinion, it does not. It's stabilized in the solid form. You need things to be dissolved in a solution to see those kinds of reactions. The ionization of bupropion hydrochloride to the free base and hydrogen chloride requires things to be dissolved.
> Q. Well, if it's exposed to some moisture, won't a certain portion of the bupropion hydrochloride be dissolved in the moisture?
> A. I don't believe so.
> Q. And what do you base this on?
> A. The fact that chemical reactions take place in solution. Things have to be dissolved. Solid state reactions are very rare, and simply don't occur.

(Biovail's 7/19/06 Supp. Evid., p. 8-9, Gribble Depo., p. 92-93, objections omitted.)

The Court notes that Gribble concedes that hydrochloric acid acts as a

CV-90 (06/04)　　　　　　　　　　　CIVIL MINUTES - GENERAL　　　　　　　　　　　Page 2 of 5

42

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 04-1468-JVS(RCx) | Date | August 24, 2006 |
| Title | Biovail Laboratories Inc., et al. v. Anchen Pharmaceuticals Inc., et al. | | |

stabilizer in certain situations:

> Q. Wouldn't the presence of hydrochloric acid in the tablet slow down any degradation?
> A. Well, only if the bupropion dissolved in the water. If you had sufficient moisture water coming in to dissolve, physically dissolve the sold bupropion hydrochloride, then you would need the acid to restabilize any free base that formed.[2]

(Anchen Supp. Evid. p. 62-63, Gribble Depo., p. 96-97, objections omitted.)

The Court finds that Gribble's testimony addresses when and whether a stabilizer is *activated* in Anchen's ANDA product, not whether one is *present*. In light of this Court's Markman construction, the only question for the Court in determining whether Anchen's ANDA infringes on the '341 patent, is whether a stabilizer is *present* in that product, not whether and under what circumstances it is *activated*. As Anchen states, "Claim 30 requires that the table be 'free of stabilizer' – not that the tablet be 'unstable in the absence of the stabilizer.'" (Opp'n, p. 5.) The Court's Markman construction applies to all scenarios, not just those in which Anchen's ANDA product remains in a completely dry and solid state, but also those in which the product is subjected to moisture, due to the place of storage, climate, or any other number of factors.[3] Hence, Biovail's reliance on these portions of Gribble's testimony is

---

[2] Gribble testified that it is well understood that hydrochloric acid has an acidic pH. (Anchen Supp. Evid., p. 79, Gribble Depo., p. 113.)

[3] Another district court presiding over Biovail's case against Impax Laboratories rejected Biovail's attempts to define the word "stabilizer" with respect to whether the presence of a stabilizer is necessary:

> Biovail argues that if a stabilizer were not present in the invention in an amount sufficient to stabilize the tablet, then it would really not be acting as a 'stabilizer,' and the tablet would be 'free of stabilizer.' While this argument may be of philosophical interest, it does not comport with the ordinary and accustomed meaning of 'free of stabilizer.' ... If the tablet did in fact contain a compound used for stabilizing the tablet, but simply not enough of it, one would not call if 'free of stabilizer,' but rather, 'lacking sufficient stabilizer.'"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 04-1468-JVS(RCx) | Date | August 24, 2006 |
| Title | Biovail Laboratories Inc., et al. v. Anchen Pharmaceuticals Inc., et al. | | |

insufficient to create a genuine issue of material fact, because Gribble's testimony side steps the relevant inquiry.[4]

Finally, in asserting that with its Order of August 1, 2006 "the Court executed an about-face" from its tentative ruling, Biovail misses two key points. First, tentative rulings are just that. The Court does not regard itself as invested in tentative rulings, and neither should the parties. Tentative rulings are designed to focus the parties' oral arguments and to bring out matter which Court may not have fully appreciated in the briefing. The Court's tentative served that function here. Second, oral argument has an important and vital role in deciding complicated cases. Here, Anchen made a detailed presentation and answered many difficult questions seeming to undermine its position, including, by way of example, the explanation of the uses of dashes ("-") in charts in the ANDA showing percentage compositions. (See Minute Order, Aug. 1, 2006, p. 8.)

Therefore, the Court again finds that there is no genuine issue of material fact that hydrochloric acid is present in Anchen's ANDA product, and is a substance or agent that tends to prevent changes to the chemical integrity of the tablet.[5]

---

Biovail Labs. Int'l SRL v. Impax Labs., Inc., 433 F.Supp.2d 501, 519 (E.D. Pa., 2006.)

[4] Anchen avers that Gribble's testimony does not embrace this Court's construction of the "free of stabilizer" limitation. (Opp'n, p. 8.) Gribble admitted that he did not apply the Court's claim construction in rendering the opinions in his expert report. (Anchen Supp. Evid., p. 103-04, Gribble Depo., p. 149-50.) However, the question which Gribble answered in his deposition testimony tracked the language of the Court's Markman construction. Hence, the fatal flaw in Gribble's testimony is not that his testimony failed to consider this Court's Markman construction, but rather that his testimony does not create a genuine issue of material face as to whether the hydrochloric acid present in Anchen's ANDA is not a stabilizer.

Further, to the extent that Biovail indirectly asks the Court to re-write its claim construction to better fit Gribble's testimony, the Court declines to re-write its claim construction at this point in the proceedings.

[5] While the Court will not repeat the substance of the August 1, 2006 Order on this topic, the Court highlights three of Biovail's admissions on this issue. First, in response to Anchen's statement that hydrochloric acid is well-established in the art as being an effective stabilizer of bupropion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 04-1468-JVS(RCx) | Date | August 24, 2006 |
| Title | Biovail Laboratories Inc., et al. v. Anchen Pharmaceuticals Inc., et al. | | |

III. CONCLUSION

For the foregoing reasons, the Motion is denied. Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court deems the matter submitted without oral argument, and removes the August 28, 2006 hearing from its calendar.

---

hydrochloride products, Biovail admitted that it is undisputed that, under certain circumstances, hydrochloric acid can act as a stabilizer of bupropion hydrochloride products. (Biovail's Response to Anchen's Statement of Undisputed Facts, ("Biovail Resp. SUF,") Biovail's Resp. SUF, ¶ 59.)) Second, Biovail's expert, Dr. Williams, has admitted that hydrochloric acid constitutes a "stabilizer." (LR 56-1 Stmt., ¶ 68.) Third, Biovail's expert, Fleischer, stated in a declaration filed on May 1, 2006, that hydrochloric acid is a stabilizing agent. (Fleischer Supp. Decl., ¶ 5.)