IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BIOVAIL CORPORATION, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-1487 (RMU) |
| | ) | |
| UNITED STATES FOOD AND DRUG ADMINISTRATION, et al., | ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ANCHEN PHARMACEUTICALS, INC., | ) | |
| | ) | |
| TEVA PHARMACEUTICALS, INC., | ) | |
| | ) | |
| IMPAX LABORATORIES, INC., | ) | |
| | ) | |
| Intervenor-defendants. | ) | |

**FEDERAL DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

The federal defendants, the United States Food and Drug Administration (FDA) and Andrew C. Eschenbach, M.D., in his official capacity as Commissioner of Food and Drugs, through their undersigned attorneys, hereby answer the allegations in the corresponding numbered paragraphs of plaintiffs' Amended Complaint as follows:

1.      The federal defendants admit that plaintiffs purport to seek the relief described in paragraph 1, but deny that they are entitled to such relief or any relief whatsoever.

2.      The federal defendants deny the allegations of paragraph 2.

3. The federal defendants deny the allegations of paragraph 3, except to admit that Biovail Corporation, through its counsel, submitted a Citizen Petition, dated December 20, 2005, to FDA.

4. The federal defendants deny the allegations of paragraph 4.

5. The federal defendants admit that plaintiffs purport to seek the relief described in paragraph 5, but deny that they are entitled to such relief or any relief whatsoever.

6. The allegations of paragraph 6 are legal conclusions to which no response is required.

7. The allegations of paragraph 7 are legal conclusions to which no response is required. To the extent that a response is required, the federal defendants deny that plaintiffs are entitled to the relief they seek pursuant to the authority cited in paragraph 7, or any relief whatsoever.

8. The allegations of paragraph 8 are legal conclusions to which no response is required.

9. The federal defendants admit that Biovail Corporation is a pharmaceutical company. The federal defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10. The federal defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. The federal defendants deny the allegations in paragraph 11 that FDA's regulation of prescription drugs is "under authority delegated by Congress"and state that FDA regulates

prescription drugs under statutory authority granted by Congress. The federal defendants admit the remaining allegations of paragraph 11.

    12.    The federal defendants admit the allegations of paragraph 12.

    13.    The federal defendants admit that Intervenor-defendant Anchen Pharmaceuticals, Inc., is a pharmaceutical company. The federal defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13

    14.    The federal defendants admit the allegations of paragraph 14.

    15.    The federal defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

    16.    The federal defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

    17.    The federal defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

    18.    The federal defendants admit the allegations of paragraph 18.

    19.    The allegations of paragraph 19 are legal conclusions to which no response is required. To the extent that a response is required, defendants admit that the paragraph contains a characterization of the FDCA, 21 U.S.C. §§ 301-397, and respectfully refer the Court to the statute for a full and complete statement of its contents. In further response, the federal defendants deny the remaining allegations of paragraph 19, except to admit that the Federal Food, Drug, and Cosmetic Act (FDCA) permits an applicant to seek approval of a generic drug through an abbreviated new drug application (ANDA), which relies on FDA's previous finding

that the reference listed drug – the drug on which the ANDA applicant relies in seeking approval of its application – is safe and effective.

20.     The allegations of paragraph 20 are legal conclusions to which no response is required. To the extent that a response is required, defendants admit that the paragraph contains a characterization of the FDCA, 21 U.S.C. §§ 301-397, and respectfully refer the Court to the statute for a full and complete statement of its contents. In further response, the federal defendants deny the remaining allegations of paragraph 20, except to admit that, under the FDCA, an ANDA must include, among other things, information showing that the proposed generic drug is bioequivalent to the reference listed drug, i.e., the drug on which the ANDA applicant relies in seeking approval of its application.

21.     The federal defendants deny the allegations of paragraph 21, except to admit that that the paragraph contains a characterization of an FDA regulation regarding citizen petitions, 21 C.F.R. § 10.30, and to respectfully refer the Court to that regulation for a full and complete statement of its content.

22.     The federal defendants admit the allegations in the first sentence of paragraph 22 and deny the remaining allegations of paragraph 22.

23.     The federal defendants deny the allegations of paragraph 23, except to admit that FDA provided plaintiffs' counsel with an interim (tentative) response dated June 7, 2006, and that the quoted language in paragraph 23 appears therein.

24.     The federal defendants deny the allegations of paragraph 24, except to admit that plaintiffs filed a Complaint in this Court on August 23, 2006, and that plaintiffs' Motion for

Temporary Restraining Order and Preliminary Injunction was denied by this Court on August 25, 2006.

 25. The federal defendants deny the allegations of paragraph 25.

 26. The federal defendants deny the allegations of paragraph 26.

 27. The federal defendants deny the allegations of paragraph 27, except to admit that FDA denied in part plaintiffs' Citizen Petition and approved an ANDA for a generic version of Wellbutrin XL ® on December 14, 2006.

 28. The federal defendants deny the allegations of paragraph 28, except to admit that FDA did not require Anchen to independently demonstrate that its generic version of Wellbutrin XL is bioequivalent to SR and IR formulations of Wellbutrin to receive approval of its ANDA for a generic version of Wellbutrin XL.

 29. In response to the allegations of paragraph 29, the federal defendants repeat and incorporate their responses to the allegations contained in all prior paragraphs of plaintiffs' Amended Complaint as if set forth in this paragraph.

 30. The allegations of paragraph 30 are legal conclusions to which no response is required. To the extent that a response is required, the federal defendants deny the allegations of paragraph 30.

 31. The allegations of paragraph 31 contain legal conclusions to which no response is required. To the extent that a response is required, the federal defendants deny the allegations of paragraph 31, except to admit that FDA did not require Anchen to independently demonstrate that its generic version of Wellbutrin XL is bioequivalent to SR and IR formulations of Wellbutrin to receive approval of its ANDA for generic Wellbutrin XL.

32. The allegations of paragraph 32 contain legal conclusions to which no response is required. To the extent that a response is required, the federal defendants deny the allegations of paragraph 32, except to admit that FDA did not require Anchen (i) to measure all three metabolites to show that its generic version of Wellbutrin XL is bioequivalent to Wellbutrin XL, or (ii) to demonstrate bioequivalence through multiple-dose studies.

33. The allegations of paragraph 33 contain legal conclusions to which no response is required. To the extent that a response is required, the federal defendants deny the allegations of paragraph 33, except to admit that the federal defendants are immune under the Federal Tort Claims Act from suit for damages for its actions relevant to this case.

34. The allegations of paragraph 34 contain legal conclusions to which no response is required. To the extent that a response is required, the federal defendants deny the allegations of paragraph 34.

35. The allegations of paragraph 35 are legal conclusions to which no response is required. To the extent that a response is required, the federal defendants deny the allegations of paragraph 35.

The remainder of the Amended Complaint is plaintiffs' request for relief, as to which no answer is required, but insofar as an answer may be deemed to be required, the federal defendants deny that plaintiffs are entitled to the relief requested or to any relief whatsoever against the federal defendants.

The federal defendants further deny each and every allegation in plaintiffs' Amended Complaint for which a specific answer or other response has not been provided.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, having fully answered, the federal defendants respectfully request that the Court deny the relief requested by plaintiffs, enter judgment in favor of the federal defendants, dismiss plaintiffs' Amended Complaint with prejudice, and grant the federal defendants their costs, expenses, attorneys' fees, and such additional relief as the Court may deem just and proper.

Respectfully submitted,

OF COUNSEL:

| | |
|---|---|
| DANIEL MERON<br>General Counsel | PETER D. KEISLER<br>Assistant Attorney General |
| SHELDON T. BRADSHAW<br>Chief Counsel<br>Food and Drug Division | EUGENE M. THIROLF<br>Director<br>Office of Consumer Litigation |
| ERIC M. BLUMBERG<br>Deputy Chief Counsel, Litigation |   /s/<br>GERALD C. KELL |
| CLAUDIA J. ZUCKERMAN<br>Associate Chief Counsel<br>U.S. Dept. of Health & Human Services<br>Office of the General Counsel<br>5600 Fishers Lane, GCF-1<br>Rockville, MD  20857<br>(301) 827-3676 | Senior Trial Counsel<br>J.P. ELLISON (D.C. Bar No. 477931)<br>Trial Attorney<br>Office of Consumer Litigation<br>U.S. Department of Justice<br>P.O. Box 386<br>Washington, D.C.  20044<br>Tel:  (202) 514-1586<br>Fax:  (202) 514-8742 |
| | Counsel for Defendants |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of April 2007, I electronically filed the foregoing Federal Defendants' Answer to Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    James F Segroves
    Proskauer Rose LLP
    1001 Pennsylvania Avenue, NW
    Suite 400 South
    Washington , DC  20004
    (202) 416-6871
    Fax: (202) 416-6899


    Gordon A Coffee
    Don J. Mizerk
    Winston & Strawn
    1700 K Street, NW
    Washington , DC  2000-3817
    (202) 282-5741
    Fax: (202) 371-5750


    Jay P. Lefkowitz
    Michael D. Shumsky
    KIRKLAND & ELLIS LLP
    655 Fifteenth Street, N.W.
    Washington, D.C. 20005-5793
    (202) 879-5000


                                                            /s/
                                                J.P. Ellison
                                                Attorney
                                                U.S. Department of Justice