**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BIOVAIL CORPORATION, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 06-CV-1487 (RMU) |
| U.S. FOOD AND DRUG ) | |
| ADMINISTRATION, *et al.* ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| ANCHEN PHARMACEUTICALS, INC.; ) | |
| TEVA PHARMACEUTICALS, INC., and ) | |
| IMPAX LABORATORIES, INC. ) | |
| ) | |
| Intervenor-Defendants. ) | |
| ) | |

**INTERVENOR-DEFENDANT ANCHEN
PHARMACEUTICALS, INC.'S ANSWER TO AMENDED COMPLAINT**

By and through its attorneys, Intervenor-Defendant Anchen Pharmaceuticals, Inc. ("Anchen") hereby answers the Amended Complaint of Plaintiffs Biovail Corp. and Biovail Laboratories International SRL (collectively, "Biovail") in this action, as follows:

1.    Anchen admits that Biovail has brought this Action and seeks the stated relief, but denies that Biovail is entitled to same.

2.    Anchen denies the allegations of paragraph 2.

3.    Anchen admits that Biovail filed a Citizen Petition to the U.S. Food and Drug Administration ("FDA") regarding FDA approval of Wellbutrin XL ANDAs. Anchen denies the remaining allegations of paragraph 3.

4. Anchen denies the allegations of paragraph 4.

5. Anchen admits that Biovail seeks the stated relief, but denies that Biovail is entitled to same.

6. Paragraph 6 contains legal conclusions to which no answer is required. To the extent an answer is required, Anchen denies the allegations in paragraph 6.

7. Paragraph 7 contains legal conclusions to which no answer is required. To the extent an answer is required, Anchen denies the allegations in paragraph 7.

8. Paragraph 8 contains legal conclusions to which no answer is required. To the extent an answer is required, Anchen denies the allegations in paragraph 8.

9. Anchen admits the allegations in the first and last sentences of paragraph 9. Anchen lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 9 and therefore denies same.

10. Anchen lacks sufficient knowledge or information to admit or deny the allegations of paragraph 10 and therefore denies same.

11. Anchen admits the allegations of paragraph 11.

12. Anchen admits the allegations of paragraph 12.

13. Anchen admits the allegations of paragraph 13.

14. Anchen admits that Biovail manufactures WELLBUTRIN XL®, a branded product, and that FDA approved it for certain indications. Anchen denies any remaining allegations of paragraph 14.

15. Anchen lacks sufficient knowledge or information to admit or deny the allegations of paragraph 15 and therefore denies same.

16. Anchen lacks sufficient knowledge or information to admit or deny the allegations of paragraph 16 and therefore denies same.

17. Anchen lacks sufficient knowledge or information to admit or deny the allegations of paragraph 17 and therefore denies same.

18. Anchen admits that the active ingredient in Wellbutrin XL is bupropion hydrochloride. Anchen denies the remaining allegations of paragraph 18.

19. Anchen admits that the Federal Food, Drug and Cosmetic Act permits a party to file an Abbreviated New Drug Application ("ANDA") seeking approval to market a generic version of a reference listed drug, which may refer to FDA's findings that the reference listed drug is safe and effective for its approved indications. Anchen denies the remaining allegations of paragraph 19.

20. Anchen admits that one of FDA's requirements for ANDA approval is that the ANDA contain information showing that, with certain exceptions, the ANDA product is bioequivalent to the reference listed drug. Anchen denies the remaining allegations of paragraph 20.

21. Anchen admits that FDA allows persons to submit a Citizen Petition under 21 C.F.R. § 10.30. Anchen denies Biovail's legal interpretations of FDA's regulations. Anchen denies the remaining allegations of paragraph 21.

22. Anchen admits that Biovail filed a Citizen Petition on December 20, 2005 asking FDA to impose additional requirements set forth therein for ANDA applicants. Anchen denies the remaining allegations of paragraph 22.

23. Anchen admits that FDA sent Biovail correspondence dated June 7, 2006 containing the language quoted in paragraph 23. Anchen denies the remaining allegations of paragraph 23.

24. Anchen admits that on August 23, 2006 Biovail filed a complaint in this Court seeking relief against FDA with regard to Biovail's Citizen Petition and that this Court denied Biovail's motion for a temporary restraining order on August 25, 2006. Anchen denies the remaining allegations of paragraph 24.

25. Anchen denies the allegations of paragraph 25.

26. Anchen lack sufficient knowledge or information to admit or deny the allegations of paragraph 26 and therefore denies same.

27. Anchen admits that FDA denied Biovail's Citizen Petition and approved an ANDA for generic WELLBUTRIN XL® on December 14, 2006. Anchen denies the remaining allegations of paragraph 27.

28. Anchen denies the allegations of paragraph 28.

29. Anchen repeats and incorporates by reference its answers to the complaint in paragraphs 1-28.

30. Anchen denies the allegations of paragraph 30.

31. Anchen denies the allegations of paragraph 31.

32. Anchen denies the allegations of paragraph 32.

33. Anchen denies the allegations of paragraph 33.

34. Anchen denies the allegations of paragraph 34.

35. Anchen denies the allegations of paragraph 35.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

The Amended Complaint fails to state a claim upon which relief may be granted.

WHEREFORE, having fully answered, Anchen respectfully requests that this Court deny Biovail's request for relief, enter judgment in favor of the defendants and intervenors, and dismiss Biovail's Amended Complaint with prejudice.

Dated: May 9, 2007                    ANCHEN PHARMACEUTICALS, INC.

By:  /s/ Gordon A. Coffee
Gordon A. Coffee  (D.C. Bar No. 384613)
WINSTON & STRAWN LLP
1700 K Street NW
Washington D.C. 20006
(202) 282-5000
(202) 282-5100

Donald J. Mizerk (admitted *pro hac vice*)
Steven J. Winger (admitted *pro hac vice*)
Maureen L. Rurka admitted *pro hac vice*
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

*Attorneys for Intervenor-Defendant*
*Anchen Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing document was served on this 9th day of May, 2007 via ECF, with courtesy copies via electronic mail on:

| | |
|---|---|
| James F. Segroves<br>PROSKAUER ROSE LLP<br>1001 Pennsylvania Avenue, NW<br>Suite 400 South<br>Washington, D.C. 20004-2533<br>jsegroves@proskauer.com | Gerald Cooper Kell<br>James Philip Ellison<br>U.S. DEPARTMENT OF JUSTICE<br>1331 Pennsylvania Avenue, NW<br>Suite 950 N<br>Washington, D.C. 20004<br>gerald.kell@usdoj.gov<br>j.p.ellison@usdoj.gov |
| Ronald S. Rauchberg<br>Kevin J. Perra<br>PROSKAUER ROSE LLP<br>1585 Broadway<br>New York, NY 10036<br>rrauchberg@proskauer.com<br>kperra@proskauer.com | Jay P. Lefkowitz<br>Michael D. Shumsky<br>KIRKLAND & ELLIS LLP<br>655 15th Street N.W., Suite 1200<br>Washington, D.C. 20005<br>lefkowitz@kirkland.com<br>mshumsky@kirkland.com |

By: /s/ Gordon A. Coffee
Gordon A. Coffee (D.C. Bar No. 384613)