## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| BIOVAIL CORPORATION, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 06-1487 (RMU) |
| | ) | |
| U.S. FOOD AND DRUG ADMINISTRATION, *et al.*, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| ANCHEN PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Intervenor-Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC. and | ) | |
| IMPAX LABORATORIES, INC., | ) | |
| | ) | |
| Intervenors-Defendants. | ) | |

_____)

## JOINT ANSWER OF INTERVENORS TEVA PHARMACEUTICALS USA, INC. AND IMPAX LABORATORIES, INC. TO AMENDED AND SUPPLEMENTED COMPLAINT

Jay P. Lefkowitz (D.C. Bar No. 449280)
Michael D. Shumsky (D.C. Bar No. 495078)
KIRKLAND & ELLIS LLP
655 15th Street N.W.
Suite 1200
Washington, DC 20005
(202) 879-5000

*Counsel for Intervenors-Defendants*
*Teva Pharmaceuticals USA, Inc. and*
*Impax Laboratories, Inc.*

May 9, 2007

Intervenors-Defendants ("Intervenors") Teva Pharmaceuticals USA, Inc. ("Teva") and Impax Laboratories, Inc. ("Impax") respectfully submit the following answers in response to the Amended and Supplemented Complaint filed by Plaintiffs Biovail Corporation and Biovail Laboratories International SRL ("Biovail Corporation" and "Biovail SRL").

## INTRODUCTION

1.    Intervenors admit that plaintiffs purport to seek judicial review of the agency actions described in this paragraph and to seek the relief described in this paragraph, but deny that plaintiffs are entitled to such relief or any relief whatsoever.

2.    Denied.

3.    Denied, except to admit that Biovail Corporation, through its counsel, submitted a Citizen Petition to FDA.

4.    Denied.

5.    Intervenors admit that plaintiffs purport to seek the relief described in this paragraph, but deny that plaintiffs are entitled to such relief or any relief whatsoever.

## JURISDICTION AND VENUE

6.    Admitted.

7.    Admitted, except to the extent this paragraph implies that plaintiffs are entitled to the relief made available by these statutes.  That implication is denied.

8.    Admitted.

## PARTIES

9.    The first and third sentences are admitted.  Intervenors are without information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence, and therefore deny them.

10.    Intervenors are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore deny them.

11.    Admitted.

12.    Admitted.

13.    Admitted.

**STATEMENT OF FACTS**

14.    Admitted.

15.    Admitted.

16.    Admitted.

17.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 17, and therefore deny them.

18.    Admitted.

19.    Denied insofar as it purports to characterize the statutory scheme governing the approval of generic drugs; the statutory scheme is its own best evidence and speaks for itself.

20.    Denied insofar as it purports to characterize the statutory and regulatory schemes governing the approval of generic drugs; those statutes and regulations are their own best evidence and speak for themselves.

21.    Denied insofar as it purports to characterize the statutory and regulatory schemes governing the approval of generic drugs; those statutes and regulations are their own best evidence and speak for themselves.

22.    The first sentence is admitted, except to the extent it purports to characterize the applicable statutes and regulations; those statutes and regulations are their own best evidence and speak for themselves.  The second sentence is denied to the extent it purports to characterize

2

Biovail's Citizen Petition; that Citizen Petition is its own best evidence and speaks for itself. The remaining allegations of paragraph 22 are denied.

23.     Denied insofar as it attempts to characterize FDA's June 7, 2006 notice; that notice is its own best evidence and speaks for itself.

24.     Intervenors admit that plaintiffs filed their original complaint in this action on August 23, 2006 and moved for injunctive relief thereafter, and that this Court declined to grant the requested relief in an order dated August 25, 2006.  The remaining allegations are denied.

25.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 25, and therefore deny them.

26.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 26, and therefore deny them.

27.     Denied, except to admit that FDA issued a decision regarding plaintiffs' Citizen Petition on December 14, 2006, and granted final approval to Intervenors' ANDAs on December 14, 2006.

28.     Denied, except to admit that FDA did not require Anchen to independently demonstrate that its generic version of Wellbutrin XL® is bioequivalent to SR and IR formulations of Wellbutrin® to receive approval of its ANDA for a generic version of Wellbutrin XL®.

### CLAIM

29.     Intervenors incorporate their answers to Biovail's allegations in paragraphs 1 through 28 as though fully answered herein.

30.     Denied.

31.     Denied.

3

32.     Denied.

33.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence, and therefore deny them.  The remaining allegations are denied.

34.     Denied.

35.     Denied.

The remainder of the Complaint is plaintiffs' prayer for relief, to which no answer is required.  Insofar as an answer may be required, Intervenors deny that plaintiffs are entitled to the requested relief or any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Intervenors respectfully request that the Court enter judgment in their favor, dismiss the Complaint with prejudice, and award Intervenors their costs, expenses, attorneys' fees, and such additional relief as the Court may deem appropriate.

Respectfully submitted,

_____/s_____
Jay P. Lefkowitz (D.C. Bar No. 449280)
Michael D. Shumsky (D.C. Bar No. 495078)
KIRKLAND & ELLIS LLP
655 15th Street N.W.
Suite 1200
Washington, DC  20005
(202) 879-5000

*Counsel for Intervenors-Defendants*
*Teva Pharmaceuticals USA, Inc. and*
*Impax Laboratories, Inc.*

May 9, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 9th day of May 2007, a true and correct copy of the foregoing Answer was served via ECF filing as follows:

Benjamin R Ogletree
PROSKAUER ROSE LLP
1001 Pennsylvania Ave NW Ste 400 South
Washington, DC 20004
(202) 416-5814

Kevin J Perra
Ronald S Rauchberg
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
(212) 969-3454

*Counsel for Plaintiffs*

Eugene Michael Thirolf
US DEPARTMENT OF JUSTICE
Office of Consumer Litigation
1331 Pennsylvania Ave NW
Washington, DC 20004
(202) 307-3009

Gerald C Kell
US DEPARTMENT OF JUSTICE
Office of Consumer Litigation
PO Box 386
Washington, DC 20044
(202) 514-1586

*Counsel for the Federal Defendants*

_____/s_____
Michael D. Shumsky
*Counsel for Intervenors-Defendants*
*Teva Pharmaceuticals USA, Inc. and*
*Impax Laboratories, Inc.*